EMELE (w) *v.* CHARLES WILLIAMS, Administrator Es-
tate of A. W. HAALILIO, deceased.

EXCEPTIONS FROM CIRCUIT COURT, FOURTH CIRCUIT.

SUBMITTED OCTOBER 1, 1895.    DECIDED OCTOBER 9, 1895.

JUDD, C.J., FREAR, J., AND CIRCUIT JUDGE WHITING, WHO SAT
IN PLACE OF MR. JUSTICE BICKERTON, ABSENT FROM ILLNESS.

A complaint in replevin alleged that certain horses, the property of
the plaintiff, had been wrongfully and contrary to the rights of
the plaintiff, taken possession of and withheld from the plaintiff
by the administrator. A "claim" for the restitution of the horses
had been presented to the administrator, which he rejected. Suit
was not brought to enforce said claim within two months
from the rejection.

Held, that the statute limiting the time within which suits must be
brought against administrators (Compiled Laws, pp. 396-7) does
not apply.

OPINION OF THE COURT BY JUDD, C.J.

It appears by the summons in this case that an action of
replevin was brought by plaintiff in the District Court of
Hamakua, Hawaii, against the defendant, claiming that he had
wrongfully and contrary to the rights of the plaintiff taken
possession of and wrongfully withheld certain horses, nine in
number (describing them), the property of the plaintiff.   The
defendant pleaded the probate statute of limitations and showed
the Court that a "claim" for the horses had been sent him by
plaintiff which he had rejected and that action thereon had
not been brought within two months thereafter.   This plea
was overruled and on the evidence the magistrate found for

the plaintiff and awarded her the possession of the horses. The defendant took an appeal to the Circuit Court, Fourth Circuit, and it came before that Court on the 10th of last July, when the defendant pleaded in bar that the action was not brought within two months after the rejection by the administrator of the claim of the plaintiff. The Circuit Court sustained the plea and rendered judgment for defendant and the plaintiff brought exceptions to this Court.

The statute under consideration is that of 1868 (Compiled Laws, pp. 396-7). It is entitled "An Act to limit the time within which claims of creditors against the estates of deceased persons shall be presented and suits be commenced to enforce rejected claims," &c. It requires that an executor or administrator shall advertise immediately upon appointment, a notice to "all creditors of the deceased to present their claims," &c., "within six months from the day of such publication." Section 3 prescribes that "if the claim be rejected by the administrator or executor, a suit must be brought upon it against the administrator or executor within two months after such rejection, or within two months after the same becomes due, or it will be forever barred."

The action of replevin is to recover from the party in possession specific property alleged to be wrongfully detained from the plaintiff, and the plaintiff, the party claimant, is not a creditor of deceased's estate, and her claim is not within the statute in question. (Compiled Laws, p. 396.)

The plea is overruled and the exceptions are sustained. The case is remanded to the Circuit Court, Fourth Circuit, for further proceedings.

*W. A. Kinney,* for plaintiff.

*C. Brown,* for defendant.