ELEANOR L. POLLICK, Plaintiff-Appellee, *v.* ALMA L. H. POLLICK, Administratrix of the Estate of ALBERT S. POLLICK, SR., Deceased, Defendant-Appellant, and EMPLOYEES' RETIREMENT SYSTEM OF THE STATE OF HAWAII, Defendant.

No. 4963.

NOVEMBER 12, 1970.

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON AND KOBAYASHI, JJ.

OPINION OF THE COURT BY LEVINSON, J.

This case involves the right to the possession of $18,320.32, representing the retirement benefits of the decedent, Albert S. Pollick, Sr., paid by the Employees' Re-

tirement System of the State of Hawaii to the appellant, Alma L. H. Pollick, his widow, as administratrix of his estate. Appellee, Eleanor L. Pollick, is the former wife of the decedent and the mother of his five children. The marriage was terminated by a divorce decree entered in the First Circuit Court on March 9, 1964. At the time of the divorce the appellee and the children were the named beneficiaries of the decedent's retirement plan. The court decree severing the marriage relationship ordered the decedent-Libellee to "maintain coverage for the Libellant [appellee] and said minor children under his medical plan and further to keep Libellant and said children as beneficiaries under his retirement plan . . . ." Decedent did not appeal from this decree and after his divorce he married the appellant. At no time subsequent to his divorce did the decedent make any changes of beneficiary under his retirement plan.

Albert S. Pollick died on January 18, 1968. Letters of administration were issued to the appellant and, as administratrix of the estate, she filed a claim with the Employees' Retirement System for the moneys representing the retirement benefits of the decedent. The Retirement System paid to her the sum of $18,320.32 which was made a part of the estate's inventory, filed February 13, 1969.

The appellee filed a complaint on August 1, 1969 against the appellant-administratrix and the Retirement System, claiming that she was entitled to possession of the $18,320.32 by virtue of the provisions of the 1964 divorce decree. The trial court granted an order dismissing the complaint as against the Retirement System. Thereafter the appellee filed a motion for summary judgment against the administratrix, pursuant to H.R.C.P., Rule 56(a). A hearing was held on the motion and on September 30, 1969 the trial court entered its order granting summary

judgment to the appellee. The judgment specifically ordered the appellant to turn over to the appellee the retirement fund of $18,320.32. The court further held that the appellee was entitled to judgment against appellant-administratrix in the sum of $18,320.32, without interest.

The appellant appeals from this judgment contending (1) that the divorce court was without authority to issue the 1964 order affecting the designation of a beneficiary of decedent's retirement plan; (2) that even if the decree did vest the appellee with rights in the fund, such rights were cut off because the decedent did not comply with the designation requirements of HRS § 88-93 (Supp. 1969); and (3) that the appellee's claim to the moneys was barred by HRS § 531-23, it being a claim against the estate not presented for payment within four months from the publication of notice to creditors. We find that the 1964 divorce decree vested the appellee and the five children with an equitable interest in the death benefits of the decedent's retirement plan, which will not be defeated by any of the objections raised by the appellant.

## I. THE POWER OF THE DIVORCE COURT TO ORDER THE DECEDENT TO MAINTAIN THE APPELLEE AND CHILDREN AS THE BENEFICIARIES OF HIS RETIREMENT PLAN.

The legal basis for the claim of the appellee and children to the retirement moneys is founded upon the 1964 divorce decree, which ordered the decedent to maintain the appellee and children as beneficiaries under his retirement plan.[1] The appellant argues that the divorce court lacked subject matter jurisdiction to issue this or-

---

[1] A trial judge granting a decree of divorce has been given broad powers by the legislature to make such further support and maintenance orders as "shall appear just and equitable." HRS § 580-47 (Supp. 1969).

der. She contends that the order indirectly affects the disposition of retirement funds and therefore violates HRS § 88-91 (Supp. 1969). This statute provides:

The right of a person to a pension, an annuity or a retirement allowance, to the return of contributions, the pension, annuity or retirement allowance itself, any optional benefit or death benefit, any other right accrued or accruing to any person under this part and the moneys in the various funds created under this part are exempted from any tax of the State and, except as in section 88-92 provided, shall not be subject to execution, garnishment or any other process and shall be unassignable except as in this part specifically provided.

We do not agree with the appellant that this statutory provision invalidates the divorce court's order. The language of this statute clearly indicates that what is prohibited are those forms of judicial process, such as execution and garnishment, which act *directly* upon funds derived from the Retirement System. HRS § 88-91 (Supp. 1969) was not meant to constrain the power of a divorce court to issue an equitable decree personally directing a party before it to carry out particular acts.

The 1964 divorce decree did not operate to attach or judicially seize the death benefits of the decedent's retirement plan, in an attempt to apply them directly to the satisfaction of the decedent-Libellee's support and maintenance obligations. Instead, the court acted only against the decedent, ordering him to perform specific acts. As such, the order was not of the type prohibited by the statute.

Having decided that the divorce court's order was valid we must next determine the effect of the decedent's failure to carry out its mandate. We do not believe that his neglect to perform those acts, legally necessary to fulfill his

obligation under the 1964 order, defeats the rights of the appellee and the children to the moneys now in the possession of the administratrix. Except for the interest of the children, the trial court reached the proper equitable result in awarding possession of the funds to the appellee.

## II. EQUITY REGARDS AND TREATS THAT AS DONE WHICH IN GOOD CONSCIENCE OUGHT TO BE DONE.

After his divorce the decedent's prior nomination of beneficiaries under his retirement plan automatically became null and void. This result was achieved by the operation of HRS § 88-93 (Supp. 1969), which provides:

All nominations by written designation of beneficiaries shall become null and void when:

(1)  the beneficiary predeceases the member;

(2)  the member is divorced from the beneficiary; or

(3)  the member is unmarried, and subsequently marries. Any of the above events shall operate as a complete revocation of such designation and all benefits payable by reason of the death of the member shall be payable to his legal representative *unless, after the death, divorce or marriage, he makes other provision in a written designation duly executed and filed with the board of trustees.* (Emphasis added.)

The decedent failed to file a written statement with the board of trustees renaming the appellee and children as beneficiaries, and, in accordance with the above statute, after his death the Retirement System paid the death benefits to the administratrix. The decedent's failure to file a redesignation with the board of trustees clearly placed him in violation of the 1964 court order, since that order required him to "maintain" his former wife and children as beneficiaries. He was, in effect, directed by

the court to take whatever steps were legally necessary to comply with the court decree. He failed in this obligation and the question now presented is whether the trial court had the power to vindicate the rights vested in the appellee and the children by virtue of the divorce decree. We believe that it did.

The right to the moneys in this case should be governed by the equitable maxim that equity will consider that as done which ought to be done. *In re Nelson*, 26 Haw. 809, 816 (1923). Professor Pomeroy has stated that this maxim is to be applied "to every instance where an equitable *ought* with respect to the subject-matter rests upon one person towards another; to every kind of case where an affirmative equitable duty to do some positive act devolves upon one party, and a corresponding equitable right is held by another." 2 Pomeroy, *Equity Jurisprudence,* § 364 (5th ed. 1941). In the instant case the equitable obligations and rights have been created by judicial decree and are clear. The "equitable *ought*" with respect to making provision for the payment of death benefits under his retirement plan rested upon the decedent. He was under an affirmative duty to perform whatever acts were necessary to maintain the appellee and the children as the beneficiaries of his retirement plan.

Had the decedent initially complied with the decree and later effected a change in beneficiaries this would not have defeated the appellee's equitable right to have the decree enforced. She would have been permitted to bring a subsequent action against the errant obligor for specific performance. *Ward* v. *Sampson,* 395 Ill. 353, 366, 70 N.E.2d 324, 331 (1946). See also, *Equitable Life Assurance Society of the United States* v. *Wilkins,* 44 F. Supp. 594, 595 (E.D.N.Y. 1942). We do not see why, in equity, a different result should follow where the violation is the result of a failure to act and the remedial action for specific performance is directed against the wrongdoer's

estate. *Chilwell* v. *Chilwell*, 40 Cal. App. 2d 550, 554-55, 105 P.2d 122, 124 (1940).

As this court stated in *Fleming* v. *Napili Kai, Ltd.*, 50 Haw. 66, 70, 430 P.2d 316, 319 (1967), *quoting from Bowen* v. *Hockley*, 71 F.2d 781, 786 (4th cir. 1934), "One of the glories of equity jurisprudence is that it . . . can mold its decrees to do justice amid all the viscissitudes and intricacies of life." Here the present holder of the contested property is not a bona fide purchaser for value; she obtained the moneys solely as a result of the decedent's failure to perform the specifically enforceable duty which he owed to the appellee and the children. In these circumstances equity will determine the rights of the parties as though the equitable obligation had been properly performed.[2]

In addition, enforcing the equitable rights of the appellee and the children to the moneys in question will not impair the goals sought to be achieved by HRS § 88-93 (Supp. 1969). In enacting this statute the legislature sought to protect employees from their own forgetfulness. It was recognized that in certain enumerated circumstances employees will probably wish to change their designations of beneficiaries. The statute seeks to ensure that these intentions are not defeated by oversight. *Employees' Retirement System* v. *Chang*, 42 Haw. 532, 541-42 (1958). However, in the instant case, the decedent's discretion to designate a beneficiary had been superseded by the 1964 court order. The only intention which he was free to act upon lawfully was an intention to carry out the court decree and designate the appellee and minor children as beneficiaries. He neglected to do this and the trial court

[2] This equitable principle also finds expression in the law of restitution which recognizes that a gratuitous transferee, mistakenly receiving title to property in violation of the beneficial interests of a third person, is under a duty to return the property to its equitable owner. RESTATEMENT OF RESTITUTION § 123 (1937). *See also* 5 SCOTT ON TRUSTS § 467.1 (3d ed. 1967).

merely carried out the intentions of the parties, as manifested in the divorce decree, ensuring that payment was made to the proper parties. Therefore, we hold that, except for the interest of the children, the lower court's order directing the administratrix to turn over to the appellee the retirement funds was a proper exercise of its plenary power to conserve the equities of the parties. *Fleming* v. *Napili Kai, Ltd., supra.*

### III. THE EFFECT ON APPELLEE'S RIGHTS OF HAWAII'S NONCLAIM STATUTE.

Appellant's last contention may be disposed of briefly. HRS § 531-23 requires that all creditor's claims against the estate of the decedent be filed within four months from the first day of publication of notice to creditors. Failure to do so bars the claim. The appellee's complaint against the administratrix was not filed within this four month period and the appellant argues that it is therefore barred by HRS § 531-23. We do not think that this statute is applicable to the present case.

The trial court held, and we affirm with modification, that the appellee was vested with an equitable right to the possession of the retirement funds, by virtue of the 1964 divorce decree. Her claim was not that of a creditor seeking payment of a debt. Her action was for recovery of possession of specific property, wrongfully detained, and as such has been properly held by this court not to be a creditor's claim within the coverage of the statute in question. *Emele* v. *Williams*, 10 Haw. 123, 124 (1895). See also, *Service Transport Co.* v. *Matyas*, 159 Ohio St. 300, 303, 112 N.E.2d 20, 22 (1953).

### IV. THE NECESSITY FOR FURTHER FINDINGS.

We hold that the appellee and the children of decedent are equitably entitled to possession of the retirement

moneys. However, the judgment of the trial court directs that all of the funds be turned over to the appellee and does not mention the interest of the children. This does not appear to be in accord with the divorce court's order, specifying that the appellee *and* the decedent's children were to retain their beneficial interest in the retirement funds. No evidence was introduced below establishing the allocation of the death benefits originally provided for by the decedent in his designation of beneficiaries. Accordingly, this case should be remanded to the circuit court for additional proceedings to determine what proportion of the death benefits is payable to the appellee for her own use and what proportion is payable to her as trustee or as guardian of the children.

Remanded for additional proceedings consistent with this opinion.

*Arthur K. Trask* for defendant-appellant.

*Edward Berman* for plaintiff-appellee.