STARLENE RAE BONNER, Plaintiff-Appellee, *v.* ROBERT EARL BONNER, Defendant-Appellant

NO. 11473

(FC-D NO. 108459)

MARCH 25, 1987

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C.J.

Defendant Robert Earl Bonner (Bonner) appeals the family court's (1) September 25, 1985 order denying his motion to dismiss the May 31, 1985 motion for enforcement of the family court's January 23, 1979 divorce decree filed by plaintiff Starlene Rae Gilliland, formerly known as Starlene Rae Bonner (Gilliland), and (2) May 20, 1986 order and June 6, 1986 judgment requiring him to pay $61,836.12 to Gilliland. We order the family court to reduce the amount of its May 20, 1986 order and June 6, 1986 judgment from $61,836.12 to $57,109.82. In all other respects we affirm.

The two dispositive questions decided in this appeal and our answers are as follows:

I. Did the family court have jurisdiction to decide Gilliland's May 31, 1985 motion for enforcement of the family court's January 23, 1979 divorce decree which required the parties to sell their jointly owned residence, to pay their children's college expenses, and to divide the remainder equally between themselves? Yes.

II. In this divorce case where the family court has ordered the net proceeds of the sale of a residence to be equally divided between the parties and the dispute is over what debits and credits should be allowed, did the family court abuse its discretion when it failed to credit Bonner

and debit Gilliland in the amount of $4,975.99 after Gilliland testified that she should be debited with $4,975.99 and Bonner testified that he should be credited with more than $4,975.99? Yes.

On December 1, 1978 the parties entered into an "Agreement Incident to and in Contemplation of Divorce" (Agreement). It stated in relevant part as follows:

### REAL PROPERTY

8. (1) The parties presently own, as tenants by the entireties, real property located at "902 WANAAO ROAD, KAILUA, HAWAII" and it is agreed that the residence shall remain the property of both parties as joint tenants with Wife having the right to the exclusive occupancy and possession of said residence and being responsible for the payment of the first and second mortgages now encumbering the property.

(2) It is agreed that the residential property of the parties shall be sold within a reasonable time after Wife remarries or both children of the parties marry, become self-supporting or reach majority and, after the payment of all encumbrances and expenses, the first EIGHTY THOUSAND DOLLARS ($80,000) of the net proceeds shall be placed in trust to be used to pay for the expenses of the children in college or university, graduate or professional school, including all tuition fees, books, room and board, necessarily incurred by the children at such schools. Any proceeds from the sale of said residence in excess of the EIGHTY THOUSAND DOL-LARS ($80,000) placed in trust shall be divided equally between the parties. Upon the completion of the higher education of the children, the balance of the trust shall be divided equally between the parties.

The Agreement was approved by the family court and incorporated into its January 23, 1979 "Decree Granting Absolute Divorce and Awarding Child Custody" (Decree of Divorce).

The parties sold the residence for $196,000 by an agreement of sale (A/S) dated June 5, 1979. All proceeds (principal and interest) net of the mortgages and expenses were received by Bonner. He actually received $29,245.24 down, $57,562.51 during the life of the A/S, and $100,459.32 on June 1, 1983 when the A/S was paid in full. In other words, Bonner received a total of $187,267.07 (Fund). There is evidence that Bonner paid taxes on these receipts but no evidence of how much. There is no evidence that Gilliland paid any taxes on these receipts.

Bonner neither placed $80,000 in trust nor distributed the balance,

and Gilliland did not require him to do so. Bonner paid Gilliland $22,000 from the Fund in July or August 1979 which she used in the purchase of a residence in California.

Daughter Terri terminated her schooling in June 1980. Daughter Tammi terminated her schooling in December 1983. Before and after those dates, upon the request of Gilliland or either of the children, Bonner sent them money in excess of court-ordered child support and spousal support. Bonner and Gilliland did not have a mutual understanding as to what account these payments were made from.

Gilliland authorized Bonner to use "some" of the Fund to purchase a residence in Hawaii. On March 30, 1984 Bonner used approximately $60,000 of the proceeds and purchased a residence in Honolulu. He invested the balance in bonds. Thereafter, Gilliland requested an accounting and payment of her half of the Fund.

The family court awarded the $187,267.07[1] Fund as follows:

| Item | Gilliland | Bonner |
|---|---|---|
| Initial advance | $22,000.00 | |
| Children | 9,547.73 | $ 9,547.73 |
| Subsequent advance | 350.00 | 84,085.80 |
| Balance due | 61,735.81[2] | |
| TOTAL | $93,633.54 | $93,633.53 |

The family court denied Gilliland's request for an award of prejudgment interest, costs, and attorney fees.

I.

On September 3, 1985 Bonner moved for a dismissal of Gilliland's May 31, 1985 motion on the ground that the family court lacked jurisdiction to decide it. The family court denied the motion on September 25, 1985, and Bonner appeals the denial.

In *Jendrusch v. Jendrusch*, 1 Haw. App. 605, 623 P.2d 893 (1981), the family court divorced the parties without exercising its jurisdiction

---

[1] In its May 20, 1986 Findings of Fact, Conclusions of Law, and Order the family court first correctly reported this amount as being $187,267.07 but then incorrectly reported it as being $187,267.70.

[2] In its May 20, 1986 Findings of Fact, Conclusions of Law, and Order and its June 6, 1986 judgment the family court incorrectly reported this amount as being $61,836.12.

to decide how the right to possession and the title of the jointly owned residence should be divided and distributed or reserving its jurisdiction to do so. We held that the family court's power to exercise its jurisdiction over those matters terminated when the time to appeal the decree of divorce expired.

Bonner contends that under *Jendrusch* the family court lacked jurisdiction to decide Gilliland's May 31, 1985 motion. We disagree. *Jendrusch* involved a totally different situation. In this case the family court exercised its jurisdiction over the residence. Its Decree of Divorce ordered the residence to be sold and specified how the net sales proceeds were to be distributed. Gilliland's motion sought enforcement of that Decree of Divorce. The family court has jurisdiction to enforce its enforceable decrees. 46 Am. Jur. 2d *Judgments* § 898 (1969); *see Pollick v. Pollick*, 52 Haw. 357, 477 P.2d 620 (1970).

## II.

Gilliland testified that from the Fund Bonner paid $2,578.04 for Terri, $8,266.49 for Tammi, and $4,975.99 plus $22,000 for Gilliland. The family court found that from the Fund Bonner paid $19,095.46 for Terri and Tammi and $350 plus $22,000 for Gilliland. Bonner challenges the family court's failure to find, as Gilliland admitted in her testimony, that he paid Gilliland $4,975.99 plus $22,000. In opposition, Gilliland contends that her testimony was merely an unaccepted offer of settlement or that the family court allowably rejected her testimony. We agree with Bonner. The finding that Gilliland was paid $350 plus $22,000 is a finding that she was not paid more than that. In light of Gilliland's admission, that finding is clearly erroneous, as would be any finding that she was paid less than $4,975.99 plus $22,000. Therefore, the family court abused its discretion when it failed to credit Bonner and debit Gilliland with at least $4,975.99 plus $22,000.

Accordingly, the family court should have awarded the Fund as follows:

| Item | Gilliland | Bonner |
|------|-----------|--------|
| Initial advance | $22,000.00 | |
| Children | 9,547.73 | $ 9,547.73 |
| Subsequent advance | 4,975.99 | 84,085.80 |
| Balance due | 57,109.82 | |
| TOTAL | $93,633.54 | $93,633.53 |

614

## III.

Bonner's other points on appeal are without merit and we summarily dismiss them.

Accordingly, we order the family court to reduce the amount of its May 20, 1986 order and its June 6, 1986 judgment from $61,836.12 to $57,109.82. In all other respects we affirm.

*Francis T. O'Brien* on the briefs for defendant-appellant.

*V. Thomas Rice* (*Lee, Henderson, Chipchase & Wong* of counsel) on the brief for plaintiff-appellee.