# IN RE ASSESSMENT OF TAXES, HUI OF KAHANA.

APPEAL FROM TAX APPEAL COURT, FIRST TAXATION DIVISION.

ARGUED OCTOBER 8, 1913.                    DECIDED OCTOBER 16, 1913.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

TAXATION—*assessments—Hawaiian land huis.*

    An assessment of taxes to the "Hui of Kahana" is not authorized by statute. In cases of Hawaiian land huis the assessments should be to the individual members upon their respective undivided interests as tenants in common in the lands of the huis.

OPINION OF THE COURT BY PERRY, J.

This is an appeal by the Territory from a decision of the tax appeal court for the first judicial circuit declaring that certain water rights which had been assessed against the "Hui of Kahana" at a valuation of $400,000 had no taxable value on January 1, 1913.

The "Hui of Kahana" is a Hawaiian hui, of the same general character as other Hawaiian huis which at times have been involved in litigation before this court. Its members are tenants in common of its lands "in proportion to their respective ownerships of shares, so-called." *Pilipo* v. *Scott,* ante 609, 612. The members have adopted "by-laws" or regulations (a copy of which has not been filed in the case at bar) providing for the choice of officers or other agents and relating, doubtless, to the transaction of the business of the hui. At its formation the number of shares of this hui was 115 but subsequently eleven shares were, in the language of the testimony, "purchased by the hui," leaving 104 shares owned by individuals. In effect the eleven shares were retired, thus reducing the total number of shares to 104. Of the outstanding shares Mrs. Mary E. Foster claims to hold 91 491/720 and L. L. McCandless nine, the remainder being held by a few other persons.

The property owned by the "Hui of Kahana," or its members, consisted on the assessment date of the ahupuaa of Kahana containing an area of 5050 acres. After viewing the land the assessor for the purposes of taxation made the following classification and fixed the following valuations: land on or near the beach, 50 acres, @ $250, $12,500; wet land, 115 acres, @ $200, $23,000; agricultural land, 800 acres, @ $100, $80,000; and mountain land, 4085 acres, @ $1, $4085,—a total valuation of $119,585. In addition to this he placed a valuation of $400,000 upon certain water rights, appurtenant to the ahupuaa of Kahana and referred to in the evidence and argument as the "surplus water" of Kahana, which rights in conjunction with rights of way and other rights, had been, in December,

1912, leased or agreed to be leased by the hui to the Waiahole Water Company, Limited, for the term of fifty years at an annual rental of $40,000.

The "Hui of Kahana" filed with the assessor a return, for taxation purposes, of "11 shares in said Hui, being original shares of," naming the original individual owners of the eleven shares and placing a valuation of $5500 on the property so returned. The assessment of these eleven shares likewise was made against the "Hui of Kahana," the assessor increasing the valuation to $11,000. The assessor further assessed to the "Hui of Kahana" the water rights already referred to at a valuation of $400,000. The hui appealed, with the result above stated. Mrs. Foster in her own name returned her 91 491/720 shares and was assessed for the same. At the hearing of the appeal from the assessment against her, both parties seem to have proceeded on the assumption that there was a separate assessment on the so-called "surplus water" of Kahana and that the value of the surplus water should not be considered in arriving at a valuation of the property in which she held the number of shares stated. L. L. McCandless and the other members of the hui also filed returns each in his own name of the shares respectively held by them and assessments were made against them in accordance with their returns but whether with or without an understanding that the surplus water was not included in the assessments does not appear.

Whether under the circumstances a separate assessment upon the water rights would be invalid as against the members of the hui or any of them, either because the water rights were included within the description of the ahupuaa returned by and assessed to them or because the water rights and all other interests or parts of the ahupuaa were still united in ownership, need not be determined in this case. Upon another ground the assessment cannot be sustained. The "Hui of Kahana" as such is not a legal entity. It is neither a corporation nor a partnership. The title to its lands is not in a trustee for its use and benefit

but is held in undivided interests by the members themselves as tenants in common. The statutory provision that "the interest of any person in any property shall be separately assessed" (with exceptions immaterial to this case) "and every person shall be liable to taxation in respect of the full value of his interest in such property," is applicable. The value of the interest of each member of the hui in the water rights should be assessed, either separately or as a part of the land as the law may require or permit, directly to the member himself.

The assessment against the "Hui of Kahana" was not authorized by statute and for that reason the decision appealed from is sustained.

*A. A. Wilder* (*Thompson, Wilder, Watson & Lymer* on the brief), for the taxpayer.

*A. G. Smith, Deputy Attorney General* (*Wade Warren Thayer, Attorney General,* with him on the brief), for the assessor.