Syllabus.

# M. F. SCOTT AND NETTIE L. SCOTT *v.* E. N. PILIPO, ET AL., AND C. K. AI.

## No. 1052.

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT. HON. S. B. KEMP, JUDGE.

ARGUED APRIL 8, 1918.                    DECIDED APRIL 23, 1918.

COKE, C. J., QUARLES, J., AND CIRCUIT JUDGE EDINGS IN PLACE OF KEMP, J., DISQUALIFIED.

APPEAL AND ERROR—*findings—evidence.*

When the evidence is meagre and unsatisfactory but tends to support the findings of fact made by the trial judge sitting in equity the findings will be sustained on appeal.

TENANCY IN COMMON—*lease—accounting.*

Where one cotenant leases a part of the common property for a term of years the lessee becomes a cotenant and is liable to account for rents and profits to the other cotenants.

SAME—*deeds to whole or part of common property.*

Where one tenant in common makes a deed to the whole of the common property the deed conveys only his own interest and does not convey the interests of his cotenants, but where he attempts to convey a specific portion of the common property by metes and bounds to a stranger the deed is voidable at the election of his cotenants and the grantee does not, where there is no avoidance of the deed, become a cotenant so as to enable him to have the specific portion so conveyed set aside to him and only acquires such proportionate interest in the specific part described by metes and bounds as his grantor had, not in the whole, but in this particular portion.

OPINION OF THE COURT BY QUARLES, J.

In a partition suit one of the plaintiffs presented a supplemental petition asking that the respondent C. K. Ai be made a party defendant and held to account for rents col-

lected by him as a cotenant for portions of the common property, whereupon an order requiring said Ai to appear and show cause why he should not be made a party defendant and held to account for rents collected by him was made; on hearing said order to show cause was set aside and from the last named order an interlocutory appeal was granted to this court and on hearing of the same we affirmed the order so appealed from (*Scott* v. *Pilipo,* 22 Haw. 252), the decision being based upon the insufficiency of the allegations of the proposed supplemental petition to show that the respondent Ai collected such rents as a cotenant, as an adverse claimant or as a stranger. In that decision we held: "While a lessee of one of the owners of undivided lands is a proper party to a suit for partition, the rule does not extend to a stranger who wrongfully collects rents for a portion of the lands and against whom the owners have their remedy at law" (22 Haw. 256). Thereafter said plaintiff presented another supplemental petition to the circuit judge sitting in equity, alleging that C. Ako, the father of the respondent Ai, had purchased a share conveyed to one Akau by Kamale II in the common property and also a leasehold interest therein to all of which the respondent Ai succeeded as sole heir and legatee of the said Ako and as such collected rents for a portion of the common property to the extent of the aggregate sum of $1210, for which an accounting was asked, but the circuit judge refused to permit the supplemental petition to be filed holding that the plaintiff should sue the respondent at law; on appeal we reversed that ruling (*Scott* v. *Pilipo,* 23 Haw. 625, 635). At the hearing upon the last named supplemental petition the circuit judge decided that the respondent Ai became a cotenant in the common property and an interlocutory decree was entered requiring him to pay into court the sum of $1210, with interest thereon, collected by

him as rents from third parties, subject to the future order of the court. From this interlocutory decree the court allowed an interlocutory appeal, which is now before us.

It is insisted upon behalf of the respondent that the evidence fails to show that he has succeeded to or acquired any interest in the common property other than a leasehold interest under a sub-lease, and, while admitting that he has collected the amount of rent named, $1210, he alleges that he did so as a subtenant, for which he is not accountable to the tenants in common, and that he is not a cotenant with the other parties who must look to his lessors and not to him. This contention requires an examination of the pleadings and the evidence. The circuit judge made the following findings:

"Decision.

"Plaintiff's contention briefly stated is that C. K. Ai was, by reason of facts recited in the complaint, one of many co-tenants of a portion of certain hui lands at Holualoa, N. Kona, Hawaii; that said C. K. Ai leased said land for a term of years, collected and appropriated all of the rents to his own use, to the amount of $1,200.00.

"Plaintiff seeks to have defendant C. K. Ai account to the other co-tenants for the rents so collected and appropriated by him.

"Defendant admits the collection of rents to the amounts claimed, but denies that he was a co-tenant and therefore not required to account.

"From the admissions contained in defendant's answer, and from the evidence adduced at the hearing, I find that on March 29, 1895, Kamale 2 a member of the Hui of Holualoa, holding one share, sold and conveyed to Akau a portion of the said hui lands, and that on August 23, 1894, Kamale 1, also a member of said Hui of Holualoa, holding two shares, leased to said Akau a portion of said hui lands for a period of twenty-two years from January 1, 1895, at an annual rental of $100. That on February 21, 1896, the said Akau leased both the land purchased from Kamale 2,

and that leased from Kamale 1, to Harada Kudia and Hakada (Japanese) for twenty years from February 21, 1896, for an annual rental of $300 and by various assignments the said lease was transferred to the persons from whom the defendant herein collected the rents amounting to the sum of $1,210.00, being the amount collected at the reduced rental of $170.00 per annum.

"I find that C. Ako, father of C. K. Ai defendant herein, became the purchaser of both the holdings above referred to at a receiver's sale of the property of Akau, and that the defendant is the sole devisee of said C. Ako, now deceased.

"From the above findings I conclude that the defendant, C. K. Ai, became a co-tenant with the other holders of shares in the said hui, of the lands described in the said lease of February 21, 1896, and that the rents received by him for the use of said lands are the property of the hui and should be paid into court to be disposed of by the further order of the court.

"A decree will be entered in accordance with the above findings."

The petition alleges and the answer of respondent Ai admits that on March 29, 1895, Kamale II was the owner of one share of the 353.25 outstanding shares in the hui aina of Holualoa 1 and 2 and that on that day he deeded to one C. Akau an interest in the hui, described as follows: "All of my coffee patch situated at Holualoa, North Kona, Hawaii, seaward (makai) of the government road running from Kailua to upper Holualoa, and now situated between Kamale senior's coffee on the mountain (mauka) side and that of Moke Apakahelu on the sea (makai) side," and which coffee land is within the boundaries and a part of said hui lands mentioned in said deed. Said Akau by lease dated February 21, 1896, leased twenty-two acres of coffee land to three Japanese for a period of twenty-two years; thereafter by mesne assignments the said lease was transferred to three of the defendants in the partition suit.

A lease from Kamale I to said C. Akau bearing date August 23, 1894, demised to C. Akau "all the coffee growing on the Hui of Holualoa II on the mauka and makai side of the government road known to be mine" for a term of twenty-two years at an annual rental reserved of $100 per year.  The said partition suit was commenced September 3, 1897, and said C. Akau and the three Japanese lessees under him were made parties defendant thereto.  At the time of the deed to Akau from Kamale II said Akau and one C. Ako, the father of respondent Ai, were copartners, and the property conveyed to Akau by deed from Kamale II as well as the lease from Kamale I are shown to have been treated as partnership property by said firm.  April 1, 1896, said Akau and Ako executed a mortgage upon certain real and personal property, including the said coffee land and the said lease thereof to said Japanese tenants, to H. Hackfeld & Co., a corporation, to secure a large indebtedness due from Akau and Ako to said corporation. About June 2, 1898, said partnership was dissolved, said Ako transferring to said Akau all his interest in the partnership assets except the interest of said Ako in the said coffee land and lease thereof, to which reservation said Akau assented and said Akau executed a mortgage to the respondent Ai, at the request of the said Ako, of the theretofore partnership property to secure the payment of the sum of $4250, subject to the Hackfeld & Co. mortgage. Later respondent Ai commenced an action in the circuit court of the third circuit to recover upon said indebtedness and attached the property so mortgaged, whereupon Hackfeld & Co. commenced an action to foreclose its mortgage and for an injunction restraining the respondent Ai from proceeding with his attachment suit, in which action a receiver was appointed and the receiver ordered and directed to sell the mortgaged property and out of the

proceeds thereof to pay the Hackfeld & Co. mortgage and the indebtedness to Ai so far as the proceeds would be sufficient therefor. The record in the Hackfeld & Co. case was introduced in evidence and also oral evidence tending to show what was sold by the receiver. The receiver's report shows that he sold all of the mortgaged property, but it does not show who purchased the interest of Akau in the said coffee land or in the lease thereof made by him. A witness, one Faria, who was present at the receiver's sale, testified that the lease of the Kamale interest was sold at the receiver's sale and that it was purchased by said Ako. It was intended by the lease from Akau to the three Japanese to demise the premises conveyed to the lessor by the deed from Kamale II and the interest leased to Akau by Kamale I. Oral evidence was introduced to show that the coffee land deeded and leased to Akau and by him leased to the Japanese comprises a compact body of twenty-two acres which was identified by parol evidence as the coffee land formerly occupied by the two Kamales. From the record we conclude that there is some evidence authorizing the finding of the circuit judge and which is not overcome by evidence to the contrary, and while the evidence is meagre and unsatisfactory we think the circuit judge correctly found the facts, and that his conclusion was correct, provided the deed from Kamale II to Akau and the lease from Kamale I to him were sufficient to convey interests in the hui land so as to make Akau (of whom Ako was a partner and interested with him) a tenant in common with the other shareholders in the hui. The members of the hui were tenants in common, holding proportionately according to their respective shares (*Pilipo v. Scott,* 21 Haw. 609, 612; *In re Taxes Hui of Kahana,* 21 Haw. 676). Where one tenant in common makes a deed to the whole of the common property the

deed conveys only his own interest and does not convey the interests of his cotenants, but where he attempts to convey a specific portion of the common property by metes and bounds to a stranger, the deed is voidable at the election of his cotenants and the grantee does not, where there is no avoidance of the deed, become a cotenant so as to enable him to have the specific portion so conveyed set aside to him and only acquires such proportionate interest in the specific part described by metes and bounds as his grantor had, not in the whole, but in this particular portion.

"A conveyance by metes and bounds to a stranger without the knowledge and consent of the grantor's cotenants does not make such stranger a cotenant so as to give him the absolute right to have the portion of the entire tract assigned to him. But such a devise or conveyance is valid between the devisor or grantor, and the devisees or grantees, and those claiming by or under them respectively, although inoperative as to the rights of the devisor's or grantor's cotenants and those claiming by or under them, who alone can avoid it, and that only if it prejudices them, the effect of the conveyance by the tenant in common of his share by metes and bounds being to pass the devisor's or grantor's proportional interest in the part described by the deed; and to entitle the grantee and those claiming under him to the rights of the grantor in the portion thus conveyed" (38 Cyc. 115).

There is no claim or showing that the conveyance to Akau by Kamale II was avoided by his cotenants, hence it passed to Akau only the undivided interest of Kamale II in the land described therein — said twenty-two acres of coffee land. That a portion, if not all, of this land passed to Ako has been found and determined by the circuit judge, whose decision we affirm. When one cotenant leases a portion of the common property his lessee becomes a cotenant with the other owners (*DuRette* v. *Miller,*

60 Ore. 91) and is liable to account for rent to the other cotenants (*Barnum* v. *Landon*, 25 Conn. 137). The respondent Ai being admitted to be the sole heir and legatee of Ako, and having admitted in his answer that Ako bought the lease to Akau from Kamale I, he became a cotenant in this twenty-two acres, and while not interested in the remainder of the hui lands he was properly held to account for rents received by him from third parties under and by virtue of the lease aforesaid made by Akau. The objection that he was required to pay all the rent received by him into court to be partitioned among those entitled thereto, including that to which he is entitled, without deducting the amounts paid by him to parties claiming to have succeeded to the share owned by Kamale II by purchase subsequent to the deed to Akau does not constitute reversible error as respondent is not prejudiced thereby. It is not shown that respondent was authorized to pay any rent to such subsequent grantees or that they were entitled to all of such rents, and he is in no better position than his lessor, in whose shoes she stands.

The interlocutory decree appealed from should be affirmed, and the money directed to be paid into court should be apportioned among all the cotenants, according to their interests.

The interlocutory decree appealed from is affirmed.

*M. F. Scott* for plaintiffs.

*W. L. Stanley* for respondent Ai.