ALICE MAU CHOCK *v.* WAH KWAI CHOCK.

NO. 2799.

ARGUED JANUARY 8, 1953.             DECIDED JANUARY 27, 1953.

LE BARON AND STAINBACK, JJ., AND CIRCUIT JUDGE
HAWKINS IN PLACE OF TOWSE, C. J., DISQUALIFIED.

OPINION OF THE COURT BY LE BARON, J.

This is a bill in equity for reformation of one deed and
cancellation of another and for "such other and further
relief" as may be proper. The pertinent facts are that a
wife purchased real estate by a deed which expressly con-
veyed title to herself and her husband as joint tenants.
She paid the bulk of the purchase price and the mortgage
indebtedness securing it. Almost six years after execution
of that deed he, without her knowledge or consent, con-
veyed his undivided one-half interest to a third person,
leaving his wife with her undivided one-half interest as
a tenant in common. She then had already instituted
divorce proceedings against him and six days later a decree
of absolute divorce between the parties was entered. The
decree made no disposition of property. Six months after
entry of divorce decree he died. Six months after his death
she filed the instant bill against the third person and
others on the claim that she and her former husband had
intended that the prior deed create a tenancy by the en-
tirety rather than a joint tenancy, so that neither spouse

could convey without the consent of the other. She seeks primarily to have the prior deed reformed so that it shall create a tenancy by the entirety as of the date of its execution, which is the basis for having the subsequent deed canceled. From a decree so reforming the prior deed and canceling the subsequent deed, as well as declaring in effect the former wife to be the sole owner in fee simple on the death of her divorced husband, the third person appeals.

The third person, as respondent-appellant, relies upon a specification of forty alleged errors. The first of those errors as specified is a fundamental error affecting the very foundation of the suit itself in so far as the relief of reformation and cancellation is concerned. It presents the only question requiring appellate consideration. That question pertains to the former wife's right to have a court of equity reform the prior deed so as to change it from one of joint tenancy to one of tenancy by the entirety after she procured an absolute divorce from her husband, as she did, without regard to the property conveyed by that deed. It is whether she divested herself of that right by so divorcing him. The answer depends on the legal effect of an absolute divorce upon a tenancy by the entirety.

By the overwhelming great weight of authority, the legal effect of an absolute divorce is that it converts a tenancy by the entirety into a tenancy in common, each party being then possessed of a separate moiety in an estate subject to partition. (For collection of those authorities see 2 Nelson, *Divorce* [2d. ed.], § 19.14, p. 586, n. 46 as amplified by 1952 Cum. Supp.; 26 Am. Jur., § 177, pp. 743, 744, n. 1; Tiffany, *Real Property,* § 436, pp. 236, 237; 52 A. L. R. 890, Anno.) The reason for the rule is that an estate by the entirety is based upon the legal unity of a husband and wife as the only parties capable of being tenants by the entirety and when that unity is severed on

dissolution of the bonds of marriage by divorce so is the estate. All that then remains in common between the divorced parties is that they hold undivided interests and common title to the same land as would strangers, which by operation of law is translated into a tenancy in common without survivorship. Thus the rule meets the realities of divorce and solves the problem of ownership upon divorce logically and naturally as to property not disposed of by the decree. It applies even though the entire purchase price was paid by but one spouse. (See *Hernandes* v. *Prieto,* 349 Mo. 658, 162 S. W. [2d] 829.) In adopting such rule as the law in this jurisdiction, the question as presented on appeal is answered in .the affirmative, the former wife being a tenant in common with the third person as she would have been with her divorced husband had he not conveyed and had he remained alive.

The decree, therefore, must be reversed. But that does not mean that the former wife is entitled to no relief. On the contrary, the record indicates that she has a right of equal contribution from the third party for any payments on the mortgage indebtedness or on other obligations which she may have made for the common benefit of the property since he became a tenant in common with her. Fundamental justice requires that he refund to her his proportionate share in such payments and that the matter be determined below as to the nature and extent of relief therefor.

Decree reversed and cause remanded for further proceedings consistent with this opinion.

*E. E. Wiles* (*R. S. Mirikitani* with him on the brief) for appellant.

*G. Kashiwa* (*S. Kashiwa* on the brief) for appellee.