[Civ. No. 25254.   Second Dist., Div. Two.   July 3, 1961.]

NORMA L. BEELER, Appellant, v. FLOYD E. BEELER, Respondent.

David G. Watts for Appellant.

Robert S. Butts and Harold Drooz for Respondent.

FOX, P. J.—Plaintiff wife secured an interlocutory decree of divorce from the defendant by default after personal service on him in this state. The decree provided, *inter alia,* that "plaintiff . . . is hereby awarded the community property held for convenience in the name of plaintiff and defendant as joint tenants, consisting of a house and acreage, and household furniture on said premises, at Greenleaf, Idaho," the description of which followed. The interlocutory decree was entered July 27, 1959. A final decree was later issued in due course. It contained the usual provision "that wherein said interlocutory judgment relates to the property of the parties hereto, said property be and the same is hereby assigned in accordance with the terms thereof to the parties therein declared to be entitled thereto. . . ." There was no appeal from either of these decrees.

Defendant having failed to execute a deed conveying the aforesaid property to the plaintiff, she executed an affidavit, dated August 5, 1960, in which she recited the above-mentioned provision of the interlocutory decree with respect to the property located in Idaho, and further stated that she had demanded of defendant that he execute a good and sufficient deed to the said property in conformance with the aforesaid decree and that defendant had refused to execute such deed. Based upon this affidavit, the court issued an order directing defendant to show cause why he should not be required to execute and deliver to plaintiff a good and sufficient deed conveying the property in question to her. Personal service was made upon defendant in this county. The defendant appeared by counsel at the hearing on the order to show cause. He did not file any affidavit in opposition to the one filed by plaintiff nor did he testify. After a hearing on September 15th, the matter was taken under submission.

Thereafter the court denied her any relief. Plaintiff has appealed.

It is clear from the interlocutory decree, and confirmed by the final decree, that the property in question was awarded to the plaintiff. Neither of these decrees, however, specifically ordered defendant to execute a deed conveying the property to the plaintiff. ▆ Of course, the courts of this state cannot make a decree that will operate to change or directly affect the title to real property beyond the territorial limits of their jurisdiction. (*Taylor* v. *Taylor*, 192 Cal. 71, 76 [218 P. 756, 51 A.L.R. 1074]; *Rozan* v. *Rozan*, 49 Cal.2d 322, 330 [317 P.2d 11].) ▆ But the law is well settled that when the court has jurisdiction over the parties it can require them to execute conveyances to lands in another state in order to effectuate its decree relating to the respective rights of the parties in the property. (*Tomaier* v. *Tomaier*, 23 Cal.2d 754, 760 [146 P.2d 905]; *Muller* v. *Dows*, 94 U.S. 444, 449 [24 L.Ed. 207].)

The decree awarding the Idaho property to plaintiff was a judicial declaration of her right to the property as against her husband. That decree has become final. Plaintiff is now seeking the fruits of that decree. ▆ Since the defendant is before the court it has authority to require him to execute the necessary deed conveying the property to plaintiff, for equity acts in personam, and "[i]t has long been the rule in equity that where a court has jurisdiction of the person it may enforce a decree *in personam* although it could not enforce it *in rem.*" (*Estate of Barreiro*, 125 Cal.App. 752, 764 [14 P.2d 786].) ▆ Further, "[t]he jurisdiction of a court of equity to enforce its decrees is coextensive with its jurisdiction to determine the rights of the parties, and it has power to enforce its decrees as a necessary incident to its jurisdiction." (*Mills* v. *Mills*, 147 Cal.App.2d 107, 116 [305 P.2d 61]; *Klinker* v. *Klinker*, 132 Cal.App.2d 687, 694 [283 P.2d 83].) Common sense dictates that in the interest of the effective administration of justice these principles be applied in the case at bar so that a valid judicial declaration of rights may be given effect. (See *Tomaier* v. *Tomaier, supra*, p. 760.)

▆ Defendant argues that the portion of the decree which awarded the Idaho property to the plaintiff is void and of no force and effect. While it is true, as above pointed out, that a California court cannot affect title to the Idaho property (and it does not here attempt to do so), it is valid as a determination of the property rights between the parties.

It is therefore subject to in personam execution through the coercive powers of the court over the defendant. (*Dedrick* v. *California Whaling Co.*, 16 Cal.App.2d 284, 288 [60 P.2d 551].)

Defendant mistakenly argues that plaintiff is seeking a modification of the court's previous decree in violation of the six months' limitation contained in Code of Civil Procedure, section 473. It is not a modification of the previous decree that is sought but an in personam order to give effect to rights previously adjudicated.

The order is reversed with directions to enter an appropriate order requiring defendant to execute a deed conveying the property in question to the plaintiff.

Ashburn, J., and McMurray, J. pro tem.,* concurred.

* Assigned by Chairman of Judicial Council.