LOIS G. COBB, Plaintiff-Appellee, *v.* ENOS H. WILLIS and HAZEL P. WILLIS, Defendants-Appellants

NO. 12220

(CIVIL NO. 63393)

MARCH 15, 1988

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY HEEN, J.

The dispositive question in this interlocutory appeal is whether a May 2, 1984 order[1] of the California Superior Court for the County of Los Angeles (California order) is entitled to full faith and credit in this action. We answer yes, vacate the lower court's order denying Defendants-Appellants Enos H. Willis'[2] and Hazel

---

[1] The California order is file-stamped May 2, 1984, but was signed by the California court on May 3, 1984.

[2] On August 9, 1983, a suggestion of the death of Enos H. Willis was filed. Rule 25(a) (1), Hawaii Rules of Civil Procedure.

P. Willis' (Willises) motion for summary judgment, and remand with directions.

This case began when Plaintiff-Appellee Lois G. Cobb (Cobb) filed the action below on November 7, 1980. In her complaint Cobb sought (1) damages, (2) an accounting from the Willises of the funds received and expended by them for the purchase, furnishing and maintenance of apartment 803, 1717 Ala Wai Boulevard (apartment) and of the monies received from rental of the apartment, and (3) conveyance by the Willises to Cobb of a one-half interest in the apartment or, in the alternative, an injunction to prevent the Willises from selling, leasing, pledging, or transferring the apartment without remitting half of the proceeds to Cobb.[3] At the same time Cobb filed an action against the Willises in California (California action) in which Cobb sought the entire proceeds from the Willises' sale of one of two California properties that Cobb claimed to own, and to have the Willises transfer to her the title to the other property.[4]

On August 16, 1984, the Willises filed a motion below for summary judgment or, in the alternative, for a dismissal of the complaint, contending that Cobb had entered into an agreement (settlement agreement) with them in California on April 30, 1984, which settled both the California and the Hawaii actions.

The settlement agreement had been orally presented to the presiding judge in the California Superior Court by Cobb's lawyers and in her presence. At that time Cobb orally agreed to the settlement terms and the settlement was orally approved by the court. Subsequently, the settlement agreement was reduced to writing and executed by one of Cobb's attorneys and the Willises' attorneys.

---

[3] Cobb and the Willises (Hazel P. Willis was Cobb's niece) had entered into a written agreement to jointly purchase and pay for the apartment, but had agreed to put the title in the Willises' name in order to avoid inheritance taxes for Hazel P. Willis.

[4] The California properties also were in the Willises' names. In regard to the property that was sold, Cobb claimed to own the property and to be entitled to $80,000 from the proceeds on account of either a deed of trust or a mortgage. The record is not clear on that point. However, the Willises claimed to be entitled to an offset against the $80,000 for funds they expended on the property. We do not know the nature of the dispute between the parties over the title to the California properties.

It was then presented to the court, signed by the judge, and entered as part of the California order.[5]

The motion for summary judgment was granted and a judgment was entered on November 7, 1984, by the Honorable Richard Y.C. Au. The next day Cobb filed a motion for reconsideration of the summary judgment on the ground that Cobb had, prior to the hearing on the motion for summary judgment, filed a motion in the California court to set aside the settlement agreement and the California order. The motion for reconsideration was granted, and the judgment was set aside without prejudice to the Willises' right to renew the motion for summary judgment.

Cobb's motion in the California court to set aside the settlement agreement and the California order was denied. On Cobb's appeal from the denial the California court of appeals held that she had waived her right to appeal by accepting the benefits of the agreement.[6] The California supreme court denied Cobb's petition for review.

On February 5, 1987, based upon the decision on Cobb's California motion, the Willises renewed their motion for summary judgment below. This time, the Honorable Edwin H. Honda denied the motion and granted the Willises' motion for leave to take an interlocutory appeal.

The Willises contend that (1) the California order was entitled to full faith and credit, and (2) even if the California order was not

---

[5] In the agreement the Willises agreed to pay Cobb $45,000 on account of the sale of one of the California properties and convey her clear title to the other. The Willises also agreed to allow Cobb during her lifetime exclusive use and occupancy of the apartment in the months of December and January of every year subject to certain terms and conditions. The settlement agreement said nothing about the title to the apartment, and does not specifically require Cobb to dismiss either case. The California order reads as follows:

ORDER

The Stipulation and Settlement Agreement having been reduced to writing by Plaintiff's counsel, and having been approved as to form and content by Defendant's counsel;

IT IS ORDERED, ADJUDGED AND DECREED:

That the Settlement Agreement is approved and the parties are ordered to carry out the executory provisions.

[6] The California appellate court decision is unpublished; however, there is a copy of it in the record.

entitled to full faith and credit, the lower court should have found as a matter of law that the settlement agreement settled this action or that Cobb was estopped from repudiating it because she had accepted its benefits.[7]

## I.

We start with the proposition that valid judgments of another state are entitled to full faith and credit in this jurisdiction. *Vaughan v. Williamson,* 1 Haw. App. 496, 621 P.2d 387 (1980). The California order in this case finally determined the disposition of the dispute between the parties and is a judgment. *Inter-Island Resorts, Ltd. v. Akahane,* 44 Haw. 93, 352 P.2d 856 (1960).

A judgment is valid if:

1. the court rendering it had jurisdiction to act judicially in the case;

2. the party against whom the judgment is sought to be invoked had reasonable notice of the litigation and was afforded a reasonable opportunity to be heard;

3. it was rendered by a competent court; and

4. it is in compliance with the rendering state's requirements for the valid exercise of its court's powers.

Restatement (Second) Conflict of Laws § 92 (1971). Therefore, if the California order is valid, it is entitled to full faith and credit. We turn now to consideration of Cobb's arguments.

## II.

Cobb argues that the California order is not entitled to full faith and credit because (1) the California court had no jurisdiction to determine title to the apartment, (2) the California order is not *res*

---

[7] The Willises paid Cobb the $45,000 and deeded the remaining California property to her. Cobb continues to maintain that she is entitled to $80,000 for the California property that was sold, and also contends that she has not been afforded the requisite occupancy of the apartment. The Willises say she has never requested its use. While the Willises' actions in denying Cobb the agreed upon use of the apartment, if they did so, may be the basis of legal action on Cobb's part for breach of the agreement, it is not a justification for denying full faith and credit to the California judgment.

*judicata* since the issues in this case were not decided in the California action, and (3) there is an issue of fact as to whether or not Cobb's California attorneys had authority to bind Cobb to the agreement.[8]

### A.

### 1.

Cobb's attack on the California order as being beyond the jurisdiction of the California court is specious. The California order does not purport to decide any of the issues in this case, including the issue of title. This case was discussed in the California settlement conference only in general terms and for settlement purposes. The California court merely entered a consent judgment which incorporates the agreement of the parties, *Dowsett v. Cashman,* 2 Haw. App. 77, 625 P.2d 1064 (1981), and orders them to carry out the "executory portions" of the agreement. As a consent judgment the California order is entitled to full faith and credit. *Yarborough v. Yarborough,* 290 U.S. 202, 54 S.Ct. 181, 78 L.Ed. 269 (1933); *City of Chariton v. J.C. Blunk Construction Co.,* 253 Iowa 805, 112 N.W.2d 829 (1962). The California court had jurisdiction over the parties and its order was valid as to them. *Cf. Joaquin v. Joaquin,* 5 Haw. App. 435, 698 P.2d 298 (1985). "A valid judgment that orders the doing of an act other than the payment of money, or that enjoins the doing of an act, may be enforced, or be

---

[8] Beyond the invalidity arguments, Cobb contends that her acceptance of the benefits of the settlement agreement should not estop her from pursuing this action, since she is willing to return the money she received from the Willises and go to trial in California and Hawaii on both cases. We are not persuaded by this argument.

According to the record, Cobb's willingness is only partial and conditional. There is nothing in the record to indicate that she is willing to reconvey the California property to the Willises, and in a letter she wrote to the Willises and the California court she states that she is "planning on returning the $45,000 cashier's check when I receive the Winsor Mortgage Investment," referring to the property that was sold. Also, her statement to the court below was that she had placed the $45,000 in her name, but in a separate account. In effect, Cobb is attempting to rescind the agreement without restoring the parties to the *status quo. See Delemar v. Hobron,* 3 Haw. 748 (1876).

the subject of remedies, in other states." Restatement (Second) Conflict of Laws § 102 (1971).

Cobb's reliance on *In re Ikuta,* 64 Haw. 236, 639 P.2d 400 (1981), is misplaced. *Ikuta* involved a California divorce decree which held that Hawaii property belonging to the parties was held by them as tenants by the entirety. The California decree directly determined title to the parties' separately owned Hawaii property which, under California law the California court had no jurisdiction to do.[9] Our supreme court held that the California decree was not entitled to full faith and credit.

2.

But Cobb notes that the California order does not specifically require her to dismiss the Hawaii action and argues that it is not entitled to full faith and credit. We disagree.

The California order directed the parties to carry out the settlement agreement's executory provisions. The question to be determined is what was the intent of the California order with respect to Cobb? *Ahuna v. Department of Hawaiian Home Lands,* 64 Haw. 327, 640 P.2d 1161 (1982). In construing the California order we give effect to what is unavoidably or necessarily implied. *Id.*

Under the circumstances of the settlement conference, the parties and the California superior court obviously contemplated that in return for the Willises' performance, Cobb would do something. The obvious something was to dismiss her suits against the Willises. Thus in its unpublished opinion, the California court of appeals stated in footnote 1 as follows:

> The settlement was not artfully drafted; the clear implication, however, is that plaintiff [Cobb], in return for these promises, would dismiss both the California and Hawaii litigation against defendants [Willises] concerning these properties.

---

[9] At the time of the Ikuta divorce, "[o]utside of determining community status, the California court did not have jurisdiction over the noncommunity property" in divorce cases. *In re Ikuta,* 64 Haw. 236, 241, 639 P.2d 400, 404 (1981). Consequently, the supreme court held that the California court had no "express authority . . . to dispose of either spouse's separate property in [that] case." *Id.*

We agree with the California court of appeals. We hold that the dismissal of the actions was bargained for and agreed to. Clearly, in approving the settlement and requiring the parties to "carry out the executory provisions," the California court intended that the pending cases would be dismissed by Cobb in exchange for the acts to be performed by the Willises.

The law will impose an obligation on one party to an agreement when on the basis of all the provisions of the contract as a whole the obligation was within the parties' contemplation or is necessary to effectuate the parties' intentions. 17 Am. Jur. 2d *Contracts* § 255 (1964); *see In re Sing Chong Co., Ltd.,* 1 Haw. App. 236, 617 P.2d 578 (1980).

### B.

Cobb also argues that since the issues in the California case and the case at hand are not identical, the California decree, even if valid, is not *res judicata* and does not collaterally estop her from litigating the issues in this case. However, as we have stated, Cobb is subject to a valid court order requiring her to dismiss this action as part of the settlement agreement. In the settlement agreement she gave up her right to litigate the issues in this case.

### C.

We find no merit in Cobb's argument that the California attorneys who appeared with her at the California settlement conference were not authorized to bind her. We note first, that the attorneys appeared with Cobb at the settlement conference and represented to the California court that they represented her. She raised no objection. Indeed, one of them was her attorney of record. Consequently, they are presumed to have represented her and have authority to bind her. *Sam Daily Realty, Inc. v. Western Pacific Corp.,* 4 Haw. App. 577, 671 P.2d 450 (1983). The terms of the settlement agreement were presented to the California court, Cobb herself agreed to the terms, and there is nothing in the record to indicate that between the time of the settlement conference and the time the written agreement was signed the authority of the signing attorney was revoked.

Moreover, Cobb raised this issue of the attorney's authorization to no avail in her direct attack on the California order in the California courts, and it is not for this court to re-examine the same issue. "A foreign judgment is recognized when it is given the same conclusive effect that it has in the state of rendition with respect to the persons, the subject matter of the action and the issues involved." Restatement (Second) Conflict of Laws § 93, comment b (1971).

### III.

The circumstances of this case require that the order denying the Willises' motion for summary judgment be vacated and the matter remanded for dismissal with prejudice. However, we also deem it necessary to direct the lower court to exercise its equity powers to fashion relief for Cobb to protect her right under the settlement agreement to the exclusive use of the apartment in December and January of each year. *Hawaiian Electric Co., Inc. v. Pacific Laundry Co., Ltd.,* 2 Haw. App. 228, 629 P.2d 641 (1981). Thus, the lower court is directed to enter a decree ordering the Willises to properly execute and record in the Office of the Assistant Registrar of the Land Court of the State of Hawaii a covenant declaring and setting forth Cobb's absolute and irrevocable right to the exclusive use and occupation of the apartment in the months of January and December of each year until her death, subject to the terms and conditions specified in the settlement agreement.

We vacate the order of the lower court and remand with instructions to enter a dismissal of Cobb's complaint and the Willises' counterclaim with prejudice, and to enter an order requiring the Willises to execute and record the covenant as provided in part III of this opinion.

*Walter G. Chuck (Walter G. Chuck,* Attorney at Law, A Law Corporation, of counsel) and *Ward D. Jones (Chuck Jones and MacLaren,* of counsel) on the briefs for defendants-appellants.

*Ronald G.S. Au* and *Connie G.W. Meredith* on the brief for plaintiff-appellee.