HAWAIIAN ELECTRIC COMPANY, INC., Plaintiff-Appellee, *v.* PACIFIC LAUNDRY CO., LTD., and PACIFIC PROPERTIES, LIMITED, Defendants-Appellants

NO. 6968

JUNE 9, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY HAYASHI, C.J.

Appeal is taken from that portion of the order granting injunctive relief to the appellee, Hawaiian Electric Company (HECO), which prohibits the appellants from obstructing the right of way with parked laundry trucks between the hours of midnight and 6:00 a.m.

The issue is whether the court, in fashioning the grant of injunctive relief, failed to conserve the equities of the parties so as to abuse its discretion and commit reversible error. We find that it did not and affirm its decision.

Appellants, Pacific Laundry Co., Ltd., and Pacific Properties, Ltd., operate a large laundry business on extensive property in the City and County of Honolulu, servicing hotels, hospitals, and other industries. A private roadway runs through a portion of their lots and is the subject of this action (the intersection of Clayton and Chapin Streets). HECO owns a right of way easement across the private roadway in question for "all road purposes." The easement provides access to HECO property on the mauka side of the right of

way (appellants' property is on the makai side of the right of way) on which it has a maintenance shop and storage facilities for transformer oil. A fire hydrant sits on the makai side of the right of way. Appellants have gates at both ends of the right of way which are locked at night, in effect, closing all access to the right of way to HECO as well.

When this action was brought by HECO, it appeared that appellants had been fully using both sides of the right of way for the parking and storage of their laundry trucks (operable and inoperable) and for the storage of machinery, boards, beams, boilers, and other material on a twenty-four-hour-a-day basis.

HECO filed suit to enjoin the appellants from obstructing and interfering in the manner thus described with its use of the right of way. It argued also that such interference posed a significant safety hazard because the trucks and other debris hampered access of fire and emergency vehicles and blocked access to the fire hydrant; that the potential for vandalism to HECO's property was aided by the parked trucks which HECO argued could be used as ladders to scale the fence fronting its facilities; and that the locked gates posed a hazard as well because fire and emergency vehicles would be unable to get to its property.

The parties were able to reach settlement on nearly all questions and went to trial only on the issue of whether the appellants would be permitted to park their trucks on the mauka (HECO's) side of the right of way.

The matter came on for hearing before Judge Arthur S. K. Fong on January 12, 1978, at which time all agreed that his order would serve as a permanent injunction. At the request of counsel, Judge Fong personally visited the site prior to the hearing. In what he termed was a compromise order, Judge Fong ruled that the appellants could park their vehicles on the mauka side of the right of way only during "business hours." His order was entered January 27, 1978. He gave the appellants sixty days to comply with the order and the stipulations that the parties had previously agreed to which included, *inter alia,* the clearing of debris and extraneous hardware from the mauka side of the right of way. At the end of the sixty-day period, appellants appeared not to have been in compliance with the court's order. The affidavit of Glenn Bunnell, a senior official at HECO, stated that a visit to the site on March 5, 1978, revealed that

the easement was still obstructed with machinery, a broken vehicle, boilers, beams, and so forth, and that equipment and other material were stored near the fire hydrant blocking access to it. Later in the evening on the same day, Bunnell returned to the site and discovered several more vehicles, in addition to the ones seen earlier, including flatbed trucks and a forklift, obstructing the mauka side of the right of way. HECO filed a motion to show cause why Pacific Laundry should not be held in contempt. At the contempt hearing, the parties sought the court's clarification as to what hours were deemed "business hours." Appellants claimed theirs was a 24-hour operation and thus the terms, to them, meant 24 hours while appellee urged the court to apply normal 9-5 business hours. After hearing argument of appellants' counsel that two full shifts were employed from 6 a.m. to 4 p.m., and from 4 p.m. to midnight, the court reached what it termed a realistic and fair approach and permitted appellants to park operable vehicles only on the mauka side of the right of way during the hours of 6:00 a.m. to midnight, the full extent of appellants' laundry operation. In reaching its conclusion, the court noted to counsel that the street in question was never intended to be a parking street but rather a passageway; that its order permitting parking was a fair accommodation to the businesses in the area to compensate for the limited amount of parking available.

On this appeal, we are called upon to decide whether the trial court in the exercise of its equity jurisdiction abused its discretion and unfairly balanced the equities of the parties in concluding that appellants could park operable trucks on the mauka side of the right of way during the hours of 6:00 a.m. to midnight.

Appellants argue that a proper balancing of the equities involved would have compelled the court to permit them to park on the mauka side at all hours. They cite the decision of our supreme court in *Fleming v. Napili Kai, Ltd.*, 50 Haw. 66, 430 P.2d 316 (1967). The easement in *Fleming v. Napili Kai, Ltd., supra*, was a road right of way without restrictions, or in other words, a road right of way for all reasonable purposes. The supreme court agreed with that portion of the trial court's ruling that found that the digging of an eight-foot-wide drainage ditch was an unreasonable use of the easement. However, the supreme court remanded the case noting that it was not entirely satisfied that the trial court "could not have adopted its

relief and molded its decree to satisfy the requirements of this particular case and thereby conserve the equities of all the parties." *Fleming v. Napili Kai, Ltd., supra,* at 71.

Appellants argue that the court's decision to prohibit parking of its trucks on the mauka side of the right of way between the hours of midnight and 6:00 a.m. failed to conserve the equities of all the parties and thereby abused its discretion. We disagree.

We think the standard urged in *Fleming v. Napili Kai, Ltd., supra,* was fully met by the trial court. The granting of equitable relief (in this case an injunction) is a matter addressed to the discretion of the trial court and will not be overturned on review unless it is shown to have been abused or "manifestly against the clear weight of the evidence." *Sandstrom v. Larsen,* 59 Haw. 491, 583 P.2d 971 (1978); *Jenkins v. Wise,* 58 Haw. 592, 574 P.2d 1337 (1978); *see also Michely v. Anthony,* 2 Haw. App. 193, 628 P.2d 1031 (1981).

In this case, the record shows that the trial court initially enjoined appellants from parking on the mauka side during "business hours." At the later contempt hearing, the court clarified its concept of "business hours," carefully molding its terms to reasonably meet the needs of all the parties and, specifically, to accommodate the shifts for Pacific Laundry. The trial judge had visited the site and was aware of the sparse parking facilities available in the area. The clearing away of the extraneous hardware stored on the makai side of the roadway[1] would have freed a substantial area for appellants to use for parking.

Thus, we cannot conclude that the court abused its discretion in fashioning its remedy. The court, in our view, balanced the equities generously in appellants' favor.

We find no basis to support appellants' contention that finding of fact No. 10,

10. The above acts of Defendants materially obstruct and hinder Plaintiff's use of said roadway and pose a constant threat to the safety and maintenance of Plaintiff's property.[2]

---

[1] The stipulated agreement between the parties required appellants to clear these materials from their side of the right of way and store them elsewhere, which had not been done at the time of this hearing.

[2] The "above acts" referred to the court's finding that broken trucks, extraneous hardware, weeds and debris were on the makai side of the right of way obstructing access to the fire hydrant, as noted earlier.

is "clearly erroneous." See *Wick Realty v. Napili Sands*, 1 Haw. App. 488, 620 P.2d 750 (1980); *Michely v. Anthony, supra.*

Accordingly, the judgment is affirmed.

*Michael L. Biehl* and *Warren J. Senda (Case, Kay, Clause & Lynch* of counsel) for plaintiff-appellee.

*D. N. Ingman* for defendants-appellants.