CATHERINE Y. MOFFAT aka YOSHINO OKITA MOFFAT, Plaintiff-Appellee, *v.* MICHAEL P. SPEIDEL, Defendant Counter-Claimant and Third-Party Plaintiff-Appellant, *v.* DAVID LIVINGSTON MOFFAT, Third-Party Defendant-Appellee

NO. 7010

CIVIL NO. 52982

AUGUST 6, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION.OF THE COURT BY PADGETT, J.

This is an appeal from an injunction forbidding appellant from undertaking or continuing any construction on or sufficiently near a

common road right-of-way which would in any way interfere with the co-tenants' full use and enjoyment thereof, and ordering appellant (1) to remove all construction he had placed within the right-of-way area including fences, guardrails and stairs and (2) to restore the right-of-way to its prior condition.

It appears to us that the court below violated Rule 65(d), Hawaii Rules of Civil Procedure (HRCP), in that the injunction is not sufficiently specific; that the court below misapprehended the law with respect to easements and that the court below failed to so mold its decree and the relief granted to satisfy the requirements of the case and conserve the equities of the parties in conformance with *Fleming v. Napili Kai, Ltd.*, 50 Haw. 66, 430 P.2d 316 (1967). Accordingly, we reverse.

Appellant and appellee each own a one-quarter interest in a lot on Tantalus which is designated for roadway purposes and is used as a roadway to their respective homes. The roadway lot is considerably wider than the paved portion of the roadway. Appellant's predecessors-in-title constructed a cantilevered concrete slab and a garage with a roof which adjoined the paved portion of the roadway. The garage was partially on appellant's property and partially on the roadway lot. The cantilevered concrete slab was on the roadway lot but apparently was supported in part by the metal posts supporting the garage which were on appellant's lot. The slab was used by various people for turning around since the roadway itself was too narrow for that usage.

Appellant became concerned with the safety of the cantilevered structure, a portion of which stood some twenty feet above his house. He testified that the steel beams were rusted and the structure was shaky. Pursuant to his suggestion, City inspectors came and looked the structure over and gave him a notice to correct the defects in it. He sought bids for the correction work. According to him, the lowest bid was the one in evidence which is approximately $14,000. Appellant testified that he was unable to afford the work.

He proposed therefore to demolish his existing garage and to pave a portion of the right-of-way lot which slopes down from the road to his property. His testimony was that no grading would have been necessary to accomplish this. Appellee maintained and had maintained for many years a compost heap in the proposed driveway area. Appellant sought her consent to his work and she refused.

He then proceeded to demolish the garage, leaving the greater part of the cantilevered slab intact. However, along the edge of the roadway, he put up a guardrail and fence because he believed that was necessary for safety. He also removed appellee's compost heap and put certain concrete slab remnants and other material in his proposed driveway, forming a temporary stairway to his property. This was the state of the facts when the injunction below was issued.

The injunctive part of the order below reads as follows:

That a permanent injunction issue against Defendant MICHAEL P. SPEIDEL, his agents, servants, employees and assignees enjoining and restraining them from undertaking or continuing any construction on, under or sufficiently near to the common road right-of-way that would in any way interfere with the other co-tenants' full use and enjoyment of said easement;

IT IS FURTHER ORDERED that Defendant MICHAEL P. SPEIDEL remove all construction he has placed on said easement including all fences, guard rails and stairs; and

IT IS FURTHER ORDERED that Defendant MICHAEL P. SPEIDEL restore said easement to its prior condition so that the other co-tenants will have the same substantial use and enjoyment of said easement that they had prior to Defendant's construction and demolition activities.

Rule 65(d), HRCP, states:

Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; . . .

Obviously, the injunction forbidding any construction "that would in any way interfere with the other co-tenants' full use and enjoyment of said easement" and the mandatory injunction for restoration "so that the other co-tenants will have the same substantial use and enjoyment of said easement that they had prior to . . . [appellant's] construction and demolition activities" do not describe in reasonable detail the act or acts sought to be restrained or ordered.

Appellee's deed specifically states that the premises jointly owned are roadway premises. The maintenance of a compost heap on those premises when the same interferes with another co-tenant

using a portion thereof as a roadway for access to his property, is clearly not within appellee's rights. Appellee maintains that appellant and his predecessors "acquiesced" in the maintenance of the compost heap. The parties were tenants in common.

Unless, at the beginning of the applicable statutory period under § 657-31, Hawaii Revised Statutes, appellee either gave appellant or his predecessor-in-title specific notice that she claimed the right to use the compost heap area for that use as a matter of right and to the exclusion of appellant's use for roadway purposes or appellant's predecessor had actual knowledge of such a claim the "acquiescence" could not ripen into a prescriptive user. Compare *City & County v. Bennett*, 57 Haw. 195, 552 P.2d 1380 (1976). No such showing was made by appellee below. Insofar as the injunction requires the restoration of the compost heap, it is erroneous.

It is also apparent that the court below was under a misapprehension as to the rights of the co-owners in a situation such as this. The lot, and by this we mean the whole lot, was designated as a roadway. Appellant's proposal to pave a portion thereof (which was not in actual roadway use) as a driveway to his home was perfectly within his rights so long as it didn't interfere with appellee's roadway use whether he had the consent of appellee or not.

Turning to the demolition of the garage structure which was located partially on appellant's property and partially on the roadway lot, appellant was certainly within his rights in demolishing the garage part of the structure on his property with or without appellee's consent.[1] On the other hand, his action in demolishing a portion of the paved slab which in effect comprised a part of the roadway and which was within the roadway lost, may have been in derogation of appellee's rights.

Appellant's contention was that that whole slab was a danger to his home. There is a dearth of real evidence one way or the other on this matter in the record. The court made no finding with respect to any danger posed by the structure. If the slab was, in fact, dangerous, appellant may well have been within his rights in demolishing it, and that should have been taken into consideration in determining

---

[1] Quaere whether, in the circumstances, he was justified in removing the slab's support posts which were on his lot should it be found the slab with the supports was not unsafe.

what to order. Instead, the court ruled that appellant must restore the premises to their former condition (because a repair thereof could have been accomplished for under $15,000) without considering whether there were other alternatives which would equally well serve the needs of the parties.

In a similar case, *Fleming v. Napili Kai, Ltd., supra,* the supreme court ordered the lower court to so mold its decree on remand as to satisfy the requirements of the particular case and thus conserve the equities of all the parties. The court below, in this case, failed to do that and so committed error.

On remand, we hold that appellant should be allowed to construct his proposed access driveway unless it is shown that that would interfere with some legitimate roadway use of the premises by appellee. We further hold that the court should require the parties to adduce (1) evidence with respect to the safety of the remaining cantilevered concrete slab, (2) evidence of what practicable measures need be taken to ensure the safety thereof or to prevent its further use (if it is unsafe), (3) evidence of what equitable measures can be taken to protect the slab and its use if it is safe and (4) evidence of what other relief might be decreed which would give appellee the equivalent of what she had before appellant's unilateral action. The court should then enter an order balancing the equities of the parties. The decree below should contain such other directions and prohibitions as the court below finds, upon the evidence, will meet the necessities of this case and the equities of the parties.

Reversed and remanded.

*Robert B. Bunn (John R. Aube* on the briefs, *Cades Schutte Fleming & Wright* of counsel) for appellant.

*Michael D. Smith (Carroll & Smith* of counsel) for appellee.