LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

NO. 28331 AND 28919

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

NO. 28331

JAMES KOKUALANI, Plaintiff/Counterclaim
Defendant-Appellee,
v.
THE WAY OF SALVATION CHURCH, Defendant/Counterclaimant-
Appellant, and RONALD Y. AMEMIYA, Additional Counterclaim
Defendant-Appellee and JOHN DOES 1-50; JANE DOES 1-50; DOE
PARTNERSHIPS 1-50; DOE CORPORATIONS 1-50; DOE ENTITIES 1-50;
and DOE GOVERNMENTAL UNITS 1-50, Defendants

AND

NO. 28919

JAMES KOKUALANI, Plaintiff/Counterclaim
Defendant-Appellee,
v.
THE WAY OF SALVATION CHURCH, Defendant/Counterclaimant-
Appellant, and RONALD Y. AMEMIYA, Additional Counterclaim
Defendant-Appellee and JOHN DOES 1-50; JANE DOES 1-50; DOE
PARTNERSHIPS 1-50; DOE CORPORATIONS 1-50; DOE ENTITIES 1-50;
and DOE GOVERNMENTAL UNITS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 06-1-0642)

MEMORANDUM OPINION
(By: Nakamura, C.J., Fujise and Reifurth, JJ.)

In a notice of appeal (NOA) filed on December 22, 2006 in the Circuit Court of the First Circuit (circuit court),[1] Defendant/Counterclaim Plaintiff/Appellant The Way of Salvation Church (Church) purports to appeal from the circuit court's (1) July 19, 2006 order granting partial summary judgment, in favor of Plaintiff/Counterclaim Defendant/Appellee James Kokualani (Kokualani) and against Church, on Kokualani's April 12, 2006 complaint (July 19, 2006 SJ on the Complaint Order); (2) November 22, 2006 order denying Church's motion for reconsideration of the July 19, 2006 SJ on the Complaint Order (November 22, 2006 Order Denying Reconsideration of SJ on the Complaint); and (3) November 30, 2006 announced decision that it

---

[1] The Honorable Victoria S. Marks presided.

was granting Kokualani's October 13, 2006 motion to enforce compliance with the July 19, 2006 SJ on the Complaint Order, and issuing a related Hawai'i Rules of Civil Procedure (HRCP) Rule 54(b)-certified judgment under HRCP Rule 70. This appeal was assigned appeal no. 28331.

In a second NOA filed in the circuit court on December 24, 2007, Church purports to appeal from the circuit court's (1) February 7, 2007 order granting Kokualani's motion to dismiss Church's October 23, 2006 counterclaim with prejudice, or, in the alternative, for summary judgment (February 7, 2007 Dismiss/SJ on the Counterclaim Order); (2) October 5, 2007 order granting Kokualani's second motion for HRCP Rule 54(b) certification of the February 7, 2007 Dismiss/SJ on the Counterclaim Order (October 5, 2007 Certification Order); (3) October 5, 2007 HRCP Rule 54(b)-certified judgment in favor of Kokualani and against Church regarding the February 7, 2007 Dismiss/SJ on the Counterclaim Order and the October 5, 2007 Certification Order (October 5, 2007 Certified Judgment); and (4) November 26, 2007 order denying Church's motion for reconsideration of the October 5, 2007 Certification Order and Certified Judgment. This appeal was assigned appeal no. 28919.

By order dated June 20, 2008, after appeal no. 28331 has been fully briefed, but before appeal no. 28919 had been briefed, this court consolidated the appeals under appeal no. 28331.

Church appears to raise three points of error on this consolidated appeal: (1) that the circuit court erred in awarding summary judgment on Kokualani's complaint in light of disputed material facts; (2) that the circuit court erred in awarding summary judgment on Church's counterclaim in light of disputed material facts; and (3) that it was erroneous for the circuit court to enforce the July 19, 2006 SJ on the Complaint Order in light of the circuit court's failure to issue (i) a separate HRCP Rule 58 judgment, (ii) an HRCP Rule 54(b) certification, or (iii) HRCP Rule 65(d) findings of fact.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to

2

the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude that the circuit court's award of summary judgment on the complaint is not properly before this court, the circuit court did not err in granting summary judgment on Church's counterclaim, and the circuit court did not err in granting Kokualani's motion to enforce the July 19, 2006 SJ on the Complaint Order.

## I.    BACKGROUND

This case involves a dispute over the enforceability of a contract to sell real estate.  Church was the owner of certain residential real property located in Wahiawā, Hawaiʻi (Property), which was the subject of a Deposit Receipt Offer and Acceptance (DROA), whereby Kokualani offered to purchase the Property for $540,000.

By letter dated November 11, 2005, Counterclaim Defendant/Appellee Ronald Y. Amemiya (Amemiya), who was at the time employed as Church's attorney, advised Mariano C. Caneso (Caneso), Church's President, Director, and Pastor, of Kokualani's offer.  Enclosed with the letter was a Multiple Listing Service listing for a neighboring property that had recently sold for $605,000.  On November 12, 2005, the Church's board of directors unanimously approved the sale of the Property to Kokualani.  On November 13, 2005, Caneso signed the DROA on behalf of the Church, accepting Kokualani's offer.

Caneso subsequently appointed new members to the Church's board of directors and terminated Amemiya's services. Church's new board of directors concluded that the Property's sale had been fraudulently induced, and amounted to theft of the Church's property.  As a result, Church refused to cooperate in opening an escrow account relating to the sale of the Property, refused to permit closing of the sale of the Property to Kokualani, and directed that the Property should be appraised.

Kokualani filed a complaint seeking specific performance and damages on April 12, 2006.  On May 24, 2006, Kokualani filed a motion for summary judgment on the complaint. The circuit court granted the motion, and entered the July 19,

2006 SJ on the Complaint Order, which ordered Church to perform its obligations under the DROA. Church, nevertheless, failed to perform its obligations under the DROA.

On October 13, 2006, Kokualani filed a motion to enforce the July 19, 2006 SJ on the Complaint Order (October 13, 2006 Motion to Enforce). On October 23, 2006, Church filed an answer to the complaint and a counterclaim seeking rescission of the DROA, alleging that Kokualani and Amemiya had conspired to defraud Church.

On November 13, 2006, Kokualani filed a motion to dismiss the counterclaim with prejudice or, in the alternative, for summary judgment (November 13, 2006 Motion to Dismiss/SJ). On November 30, 2006, the circuit court announced that it would grant the October 13, 2006 Motion to Enforce. On December 22, 2006, Church filed the NOA initiating appeal no. 28331.

Subsequently, on December 26, 2006, the circuit court issued the written order granting the October 13, 2006 Motion to Enforce and requiring the Clerk of the Circuit Court to execute and deliver a deed to the Property to Kokualani pursuant to HRCP Rule 70[2/] (December 26, 2006 Enforcement Order). Thereafter, the circuit court issued the February 7, 2007 Dismiss/SJ on the Counterclaim Order, granting the November 13, 2006 Motion to Dismiss/SJ and dismissing the counterclaim against Kokualani.

Before that, however, on January 12, 2007 and January 17, 2007, Church filed notices of pendency of action (NOPA) in the circuit court and the Intermediate Court of Appeals (ICA), respectively, against the Property. Having been informed that the NOPAs would have the effect of preventing completion of the sale, Kokualani filed a motion to expunge the two NOPAs in the circuit court on February 9, 2007.

---

[2/]     HRCP Rule 70 provides, in pertinent part, that:

> If a judgment directs a party to execute a conveyance of land or to deliver deeds . . . and the party fails to comply within the time specified, the court may direct the act to be done at the cost of the disobedient party by some other person appointed by the court[.]

Haw. R. Civ. P.

On March 7, 2007, the circuit court granted the motion to expunge the NOPA filed in circuit court. Kokualani filed a motion to expunge in the ICA, but on May 30, 2007, the ICA denied the motion without prejudice to Kokualani seeking further relief upon entry of an HRCP Rule 54(b)[3/] final judgment.

On June 6, 2007, Kokualani filed a motion for an HRCP Rule 54(b) certification of the February 7, 2007 Dismiss/SJ on the Counterclaim Order. On August 23, 2007, this court remanded the case to the circuit court for the limited purpose of hearing and determining Kokualani's motion for an HRCP Rule 54(b) certification of the February 7, 2007 Dismiss/SJ on the Counterclaim Order. On August 28, 2007, Kokualani filed a second motion for an HRCP Rule 54(b) certification. On October 5, 2007, the circuit court issued (1) the Certification Order granting Kokualani's second motion for an HRCP Rule 54(b) certification of the February 7, 2007 Dismiss/SJ on the Counterclaim Order, and (2) the Certified Judgment.

On October 15, 2007, Church filed a motion for reconsideration of the October 5, 2007 Certification Order and Certified Judgment. The circuit court issued an order denying Church's motion for reconsideration on November 26, 2007. Church then filed the second NOA on December 24, 2007, initiating appeal no. 28919.

II. JURISDICTION

A. **July 19, 2006 SJ on the Complaint Order and the November 22, 2006 Order Denying Reconsideration of SJ on the Complaint**

Although summary judgment on the complaint was awarded to Kokualani, no related final judgment or HRCP Rule 54(b)-

---

[3/] HRCP Rule 54(b) provides, in part, that:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Haw. R. Civ. P. (2000).

certified order was issued.[4]  As a result, this Court does not have jurisdiction over Church's appeal from the July 19, 2006 SJ on the Complaint Order.  Although the July 19, 2006 SJ on the Complaint Order was appealable under the doctrine enunciated in *Forgay v. Conrad*, 47 U.S. 201 (1848), which "allows an appellant to immediately appeal a judgment for execution upon property, even if all claims of the parties have not been finally resolved[,]" *Ciesla v. Reddish*, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995), Church did not assert a timely appeal.

Church initially extended the time to file an NOA from the July 19, 2006 SJ on the Complaint Order by timely filing its August 1, 2006 motion for reconsideration.  Pursuant to Hawai'i Rules of Appellate Procedure (HRAP) Rule 4(a)(3),[5] however, this motion was deemed denied on October 30, 2006.  Although the circuit court entered an order denying Church's motion for reconsideration on November 22, 2006, that order was a nullity.  Church did not file the first NOA until December 22, 2006, which is more than thirty days after October 30, 2006.  Therefore, Church's appeal was untimely as to the July 19, and November 22, 2006 orders.

The failure to file a timely NOA in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate court cannot disregard.  *Bacon v. Karlin*, 68 Haw. 648, 650, 727 P.2d 1127, 1129 (1986); Haw. R. App. P. 26(b) (2000).

---

[4]     After the hearing on Kokualani's October 13, 2006 Motion to Enforce, Kokualani submitted a proposed order and judgment that included HRCP Rule 54(b) certification.  Church objected to including HRCP Rule 54(b) certification in the order.  In response, Kokualani submitted a revised order excluding HRCP Rule 54(b) certification.

[5]     HRAP Rule 4(a)(3) provides, in relevant part, that:

> If any party files a timely motion . . . to reconsider, alter or amend the judgment or order, . . . the time for filing the notice of appeal is extended until 30 days after entry of an order disposing of the motion; provided, that the failure to dispose of any motion by order entered upon the record within 90 days after the date the motion was filed shall constitute a denial of the motion.

> The notice of appeal shall be deemed to appeal the disposition of all post-judgment motions that are timely filed after entry of the judgment or order.

Haw. R. App. P. (2006).

B.     **November 30, 2006 Announced Decisions Granting
       Kokualani's October 13, 2006 Motion To Enforce And To
       Issue Rule 54(b)-Certified Judgment; December 26, 2006
       Enforcement Order**

Although the first NOA purports to appeal from the circuit court's November 30, 2006 announced decisions to grant Kokualani's October 13, 2006 Motion to Enforce and to award Kokualani Rule 54(b)-certified judgment against Church, "[a] judgment or order is entered when it is filed in the office of the clerk of the court." Haw. R. App. P. 4(a)(5). Just as "a minute order is not an appealable order", *Abrams v. Cades, Schutte, Fleming & Wright*, 88 Hawai'i 319, 321 n.3, 966 P.2d 631, 633 n.3 (1998), neither do we have jurisdiction over the November 30, 2006 announced decisions.

We do, however, have jurisdiction over the December 26, 2006 Enforcement Order granting the October 13, 2006 Motion to Enforce. "If a notice of appeal is filed after announcement of a decision but before entry of the judgment or order, such notice shall be considered as filed immediately after the time the judgment or order becomes final for the purpose of appeal." Haw. R. App. P. 4(a)(2). Pursuant to *Forgay*, which allows the immediate appeal of an order requiring the execution of a command that real property be transferred, this court has jurisdiction over an appeal from the December 26, 2006 Enforcement Order.

C.     **February 7, 2007 Dismiss/SJ on the Counterclaim Order;
       October 5, 2007 Certification Order; and October 5,
       2007 Certified Judgment**

The October 5, 2007 Certified Judgment does not resolve all claims against all parties, but does resolve Church's counterclaim against Kokualani, and contains the express findings necessary for certification of the February 7, 2007 Dismiss/SJ on the Counterclaim Order under HRCP Rule 54(b). Therefore, the October 5, 2007 Certified Judgment, the February 7, 2007 Dismiss/SJ on the Counterclaim Order, the October 5, 2007 Certification Order, and the November 26, 2007 Reconsideration Order are all reviewable in this appeal. *See Ueoka v. Szymanski*,

7

107 Hawai'i 386, 396, 114 P.3d 892, 902 (2005) ("An appeal from a final judgment 'brings up for review all interlocutory orders not appealable directly as of right which deal with issues in the case.'" (quoting *Pioneer Mill Co. v. Ward*, 34 Haw. 686, 694 (1938)); Haw. R. App. P. 4(a)(3) ("The notice of appeal shall be deemed to appeal the disposition of all post-judgment motions that are timely filed after entry of the judgment or order.").

## III. STANDARDS OF REVIEW

### A. Summary Judgment

The appellate court reviews "the circuit court's grant or denial of summary judgment *de novo*." *Querubin v. Thronas*, 107 Hawai'i 48, 56, 109 P.3d 689, 697 (2005) (quoting *Durette v. Aloha Plastic Recycling, Inc.*, 105 Hawai'i 490, 501, 100 P.3d 60, 71 (2004)).

The Hawai'i Supreme Court has explained that the standard for granting summary judgment is settled:

> [S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party.

*Querubin*, 107 Hawai'i at 56, 109 P.3d at 697 (quoting *Durette*, 105 Hawai'i at 501, 100 P.3d at 71).

The Hawai'i Rules of Civil Procedure require that:

> When a motion for summary judgment is made . . . , an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Haw. R. Civ. P. 56(e) (2000). Thus, "[a] party opposing a motion for summary judgment cannot discharge his or her burden by alleging conclusions, 'nor is [the party] entitled to a trial on the basis of a hope that [the party] can produce some evidence at that time.'" *Henderson v. Prof'l Coatings Corp.*, 72 Haw. 387, 401, 819 P.2d 84, 92 (1991) (quoting 10A Charles Alan Wright,

Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2727 (2d ed. 1983)).

### B. Dismissal of a Complaint/Counterclaim

The appellate court reviews a dismissal under HRCP Rule 12(b)(6)[6]/ *de novo*. *Bacerra v. MacMillan*, 111 Hawai'i 117, 119, 138 P.3d 749, 751 (2006).

### C. Questions of Law

Questions of law are reviewed upon appeal under the right/wrong standard of review. *Maile Sky Court Co., Ltd. v. City & County of Honolulu*, 85 Hawai'i 36, 39, 936 P.2d 672, 675 (1997).

## IV. DISCUSSION

### A. The Circuit Court's Award Of Summary Judgment On The Complaint Is Not Properly Before This Court

Church's first point of error contends that the circuit court's award of summary judgment to Kokualani on the complaint was improper in light of certain disputed issues of material fact. As discussed, *supra* at 6-7, Church did not assert a timely appeal from the July 19, 2006 SJ on the Complaint Order or the *de facto* October 30, 2006 denial of Church's August 1, 2006 motion for reconsideration. As such, we have no jurisdiction over any order or judgment by which we might presently address Church's first point of error.[7]/ *Leslie v. Estate of Tavares*, 109 Hawai'i 8, 12-14, 122 P.3d 803, 807-09 (2005) (alleged points of error for which the court lacks appellate jurisdiction will be

---

[6]/ "Every defense, in law or fact, to a claim for relief in any pleading . . . may at the option of the pleader be made by motion:  . . . (6) [for] failure to state a claim upon which relief can be granted[.]"

Haw. R. Civ. P. 12(b)(6) (2000).

[7]/ In addition, although raising the issue of disputed issues of material fact as to the complaint as a point of error, Church did not address the issue in its legal argument. As such, the point would in any event be deemed waived. "Points not argued may be deemed waived." Haw. R. App. P. 28(b)(7) (2006); *Citicorp Mortgage, Inc. v. Bartolome*, 94 Hawai'i 422, 433, 16 P.3d 827, 838 (App. 2000) ("An appellate court does not have to address matters for which the appellant has failed to present a discernible argument.").

dismissed).

Although we retain jurisdiction over the circuit court's December 26, 2006 Enforcement Order, that order does not provide us with the ability to address any of the issues raised by Church with specific regard to the merits of the circuit court's grant of summary judgment on the complaint. "A proceeding to enforce a judgment is collateral to the judgment, and therefore no inquiry into its regularity or validity can be permitted in such a proceeding." *Kim v. Reilly*, 105 Hawai'i 93, 97, 94 P.3d 648, 652 (2004) (quoting *Royal Int'l Optical Co. v. Tex. State Optical Co.*, 586 P.2d 318, 322 (N.M. Ct. App. 1978)). "[A] party may defend against the execution, but not by attacking the judgment[.]" *Id.* (original brackets omitted) (quoting *Gabbert v. Bd. of Review for Okla. Emp't Sec. Comm'n*, 943 P.2d 158, 160 (Okla. Civ. App. 1997)).

**B.    The Circuit Court Did Not Err In Granting Summary Judgment On Church's Counterclaim**

Church's second point of error contends that it was erroneous for the circuit court to grant summary judgment in favor of Kokualani on the counterclaim because of certain disputed issues of material fact. As a threshold matter, we observe that, although the circuit court purported to grant Kokualani's motion to dismiss, the order itself stated that the court, in issuing its ruling, considered the motion and supporting documents, Church's opposition, the oral argument of counsel and the files and records of the case. As such, it is appropriate on appeal to consider the order as having granted summary judgment. *See Richards v. Midkiff*, 48 Haw. 32, 38, 396 P.2d 49, 54 (1964).

In *Gonzalves v. First Ins. Co. of Hawaii*, 55 Haw. 155, 516 P.2d 720 (1973), the Hawai'i Supreme Court held that where a trial court considered a memorandum of law and a supporting affidavit in determining the merits of the motion, the order granting the motion was one for summary judgment and not a motion to dismiss. *Id.* at 159-60, 516 P.2d at 723. "This court is not foreclosed from recognizing the true nature of an order by the

label put upon it by the circuit court." *Id.* at 160, 516 P.2d at 723.

In its argument, Church refers to "the existence of numerous incriminating circumstantial facts, as detailed above, especially those arising from Mr. Kokualani's sworn deposition testimony," as evidence of error. Church makes no attempt in its argument, however, to identify the specific factual issues, describe how they are disputed, or explain how they are material to resolution of the counterclaim.

The counterclaim addresses two counts against Kokualani: rescission and fraud. Rescission is not a cause of action, but a remedy, which Church contends is warranted in light of the alleged fraud by Kokualani "attempting to steal [Church's] Wahiawa property for less than fair market value[.]" Church makes only three allegations of fact in the counterclaim that appear directed against Kokualani:

(1) After Caneso signed the DROA, Amemiya continued to write to Caneso, on behalf of Kokualani, and Caneso's wife, pushing for the concluding of the sale;

(2) Church was concerned that Amemiya was acting in concert with Kokualani, and Church therefore sought a second opinion from other attorneys;

(3) Amemiya, on behalf of Kokualani, sent Caneso formal papers to open escrow on the Property.

In its motion to dismiss the counterclaim or, in the alternative, for summary judgment, Kokualani contended that judgment was warranted because the counterclaim was untimely filed, that the July 19, 2006 SJ on the Complaint Order is "the law of the case" and should bar Church from re-litigating Church's fraud claim, and Church's claim of fraud is barred by judicial estoppel. Church's opposition to the motion focused, as it does now on appeal, on information developed during Kokualani's deposition, which, Church contends, "revealed numerous inconsistencies and false statements made by [Kokualani.]" Church refers to four examples of these inconsistencies, specifically addressing whether Kokualani saw the Property before or after he signed the DROA, who told him

about the Property, his source of payment, and whether he typed up the DROA himself.

The circuit court was unpersuaded, stating that:

[M]y inclination is to grant [Kokualani's] motion to dismiss the counterclaim. In addition to the procedural problems that are in place, there's really no genuine question of material fact that's been raised. . . .

. . . .

. . . You haven't given me any facts that would create a material question of fact to show that Mr. Kokualani engaged in fraud. You've given me lots of arguments, but no facts.

. . . .

. . . [T]he point here is that there's a motion for summary judgment brought by Mr. Kokualani on your counterclaim, and you needed to respond with facts demonstrating the fraud. And in the Court's view, you have failed to raise sufficient facts demonstrating the fraud as alleged in the two counts of the counterclaim.

. . . .

. . . So for the reasons I've just stated, the motion is granted.

We agree that Church presented facts (in addition to argument and conclusions) and, in many instances, those facts were disputed. We agree, also, however, that none of those facts have the effect of establishing or refuting any of the essential elements of a cause of action or defense asserted by the parties. In other words, they are not material. "[T]he existence of disputed factual issues in the record itself is not dispositive of a pending motion for summary judgment." *Wilder v. Tanouye*, 7 Haw. App. 247, 254, 753 P.2d 816, 821 (1988). "[A] factual issue that is not necessary to the decision is not material . . . and a motion for summary judgment may be granted without regard to whether it is in dispute." 10A Charles Alan Wright, et al., *supra* § 2725 at 95.

Church argues on appeal that the "numerous material facts in genuine dispute" as described in its opening brief and, in particular, as disclosed in Kokualani's deposition, preclude summary judgment. Because we agree that Church failed to establish genuine issues of disputed material fact as to its

claim of fraud in the counterclaim,[8] and that those facts that were adduced were not material to Church's decision to enter into the DROA, we conclude that the circuit court correctly granted Kokualani's motion for summary judgment on Church's counterclaim.

**C.    The Circuit Court Did Not Err In Granting Kokualani's October 13, 2006 Motion To Enforce**

Church's third point of error contends that the circuit court erred by ordering mandatory injunctive enforcement of the July 19, 2006 SJ on the Complaint Order without: (a) a separate HRCP Rule 58 judgment;[9] (b) any attempt at certification under HRCP Rule 54(b); and (c) issuing findings of fact as required under HRCP Rule 65(d).[10]  Church's legal argument on these issues consists of three paragraphs in its opening brief, two of which appear not to touch upon the error described in its point of error.[11]

---

[8]    Church did not adduce facts that, even if true, would support a claim of fraudulent inducement, sufficient to invalidate the terms of a contract.  Specifically, Church's alleged facts did not bear upon whether Kokualani: (1) made a misrepresentation of a material fact; (2) for the purpose of inducing Church to act; (3) that was known to be false by Kokualani, but reasonably believed to be true by Church; and (4) upon which Church relied and acted to its detriment.  *See Laeroc Waikiki Parkside v. K.S.K. (Oahu)*, 115 Hawai'i 201, 216, 166 P.3d 961, 976 (2007); *TSA Int'l. Ltd. v. Shimizu Corp.*, 92 Hawai'i 243, 255, 990 P.2d 713, 725 (1999).

[9]    HRCP Rule 58 provides that: "Unless the court otherwise directs and subject to the provisions of Rule 54(b), judgment upon the verdict of a jury shall be entered forthwith by the clerk[.] . . . Every judgment shall be set forth on a separate document."  Haw. R. Civ. P. (1990).

[10]    HRCP Rule 65(d) provides, in part:

> Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained[.]

Haw. R. Civ. P. (2000).

[11]    Paragraph 42 of the Opening Brief expands upon the issue addressed in the point of error (that the enforcement was issued without an HRCP Rule 54(b) certification or HRCP Rule 65(d) findings of fact), but makes no reference to the HRCP Rule 58 judgment issue.  Paragraph 43 offers three case citations, introduced by the signal "See, [sic] *e.g.,*" which suggests that Church intends these three cases to support the proposition(s) advanced in paragraph 42.  They do not appear to support those propositions, however, focusing on whether the underlying summary judgment was warranted in light of alleged issues of disputed material fact, and whether summary judgment on the complaint was premature until the counterclaim was resolved.  Paragraph 44

13

The circuit court's order was properly issued under HRCP Rule 70. For the circuit court to order execution of a conveyance of land under HRCP Rule 70, it is necessary that there was a judgment ordering a party to the action to convey land. The July 19, 2006 SJ on the Complaint Order was such an order.

Church's first contention that enforcement requires a separate HRCP Rule 58 judgment, though stated as a point of error, is not argued or explained in the legal argument section of the opening brief. "Points not argued may be deemed waived." Haw. R. App. P. 28(b)(7). Therefore, we deem the argument to have been waived. *See Aames Funding Corp. v. Mores*, 107 Hawai'i 95, 104, 110 P.3d 1042, 1051 (2005) (points for which no factual or legal argument is offered will be deemed waived).

Church's second contention, that enforcement should be denied since the underlying order was not certified under HRCP Rule 54(b), is unpersuasive. On its face, HRCP Rule 70 requires only that the court had previously entered a "judgment direct[ing] a party to execute a conveyance of land or to deliver deeds[.]" Haw. R. Civ. P. 70; *see Matter of Lease Cancellation of Smith*, 68 Haw. 466, 470-71, 719 P.2d 397, 401 (1986) ("[HRCP Rule 70] writs issue when the party seeking relief alleges noncompliance with an order of the court."); *Gamino v. Greenwell*, 2 Haw. App. 59, 60, 625 P.2d 1055, 1057 (1981) (because court had entered order for sale of real property, court had authority to effectuate sale under analogous Hawai'i Family Court Rules, Rule 70). HRCP Rule 54(a) defines a "judgment" as "a decree and any order from which an appeal lies." As explained above, the July 19, 2006 SJ on the Complaint Order was immediately appealable under the *Forgay* doctrine. Thus, it was a judgment under HRCP Rule 54(a) and the court had the authority to enforce it under HRCP Rule 70.[12/]

---

motion to enforce does not request or involve an HRCP Rule 54(b) certification.

[12/] Church's argument is ironic since Kokualani submitted a proposed form of order granting the October 13, 2006 Motion to Enforce that included an HRCP Rule 54(b) certification, but Church filed a notice of opposition, objecting to the certification. *See supra* at 6, n. 4.

Chur ch's third contention, that enforcement was inappropriate because the December 26, 2006 Enforcement Order was not supported by findings of fact under Rule 65(d), is equally unpersuasive. HRCP Rule 65(d) merely requires that an injunctive order specifically set forth the reasons for its issuance and describe in detail, without reference to the complaint, the acts mandated by the order. Church has not explained how the December 26, 2006 Enforcement Order fails to satisfy these requirements. On its face, the December 26, 2006 Enforcement Order includes all necessary information. *See Moffat v. Speidel*, 2 Haw. App. 334, 335-37, 631 P.2d 1205, 1206-08 (1981); *Combs v. Ryan's Coal Co.*, 785 F.2d 970, 978-79 (11th Cir. 1986) (an order satisfies requirements of Federal Rules of Civil Procedure (FRCP) Rule 65(d) when language is specific enough to provide notice of obligations and allow appellate review); *Wahba, LLC v. USRP (Don), LLC*, 106 Hawaiʻi 466, 475-76, 106 P.3d 1109, 1118-19 (2005) (federal court interpretations of FRCP Rule 65(d) are highly persuasive). As such, Church's HRCP Rule 65(d) argument is without merit.

## V.    CONCLUSION

For the aforementioned reasons, we affirm (1) the December 26, 2006 Enforcement Order that granted Kokualani's October 13, 2006 Motion to Enforce and (2) the October 5, 2007 Certified Judgment, entered in the Circuit Court of the First Circuit.

DATED: Honolulu, Hawaiʻi, September 23, 2010.

On the briefs:

Gary Victor Dubin
for Defendant/Counterclaimant-
Appellant.

Jeffrey Daniel Lau and
Kurt K. Leong
(Oliver, Lau, Lawhn, Ogawa &
Nakamura)
for Plaintiff/Counterclaim
Defendant-Appellee

*Craig N. Nakamura*
Chief Judge

*Alexa D. M. Fujise*
Associate Judge

*Lawrence M. Reifurth*
Associate Judge